# WINDSOR COUNTY.

## FEBRUARY TERM, 1840.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
    "   STEPHEN ROYCE,
    "   JACOB COLLAMER,   } *Assistant Justices.*
    "   MILO L. BENNETT,

## JAMES WRIGHT *v.* ASAPH FLETCHER.

On a plea of *nul tiel record,* the party must show a full record of a judgment. When the justice, who rendered the judgment, is alive, though out of the state, the necessity which has induced the court, in some cases, to correct an informal record, does not exist.

DEBT, upon a judgment recovered in favor of the plaintiff against the defendant, by the consideration of Winslow W. Ralph, a justice of the peace within and for the county of Windsor, on the 23d day of April, 1836, for $15,15, damages and $1,99 costs.

The declaration was in common form, containing a profert of the record.

Plea, *nul tiel record.*

On the trial in the county court, the plaintiff offered in evidence a copy of a record, which is as follows :

 ·' State of Vermont, Windsor county, ss:—

"Be it remembered that, at Barnard, April 23, 1836, Asaph "Fletcher, of Woodstock, was attached to answer to James "Wright, of Barnard, action on a former judgment of Ly-"man Stewart, Esq., in a case *James Wright* v. *Loren Gay*, "Now the plaintiff says the judgment of Lyman Stewart "was collected by E. Parkhurst, D. Sheriff, and converted "the same to his own use and has never accounted for the "same or any part thereof. The said Wright recovered "judgment by default, for the sum of $15,15 damages, and "$1,99 costs of suit.

WINSLOW W. RALPH,
*Justice of the peace.*"

The said copy was objected to by the defendant but admitted by the court. The plaintiff offered evidence tending . to prove, that the justice, Ralph, who rendered said judgment, had removed from the state, and had not left his records with the clerk of the county court; that a judgment was recovered by the plaintiff against one Loren Gay, and an execution issued thereon, which was delivered to the defendant's deputy, the defendant being then sheriff of Windsor county, who neglected to collect the execution, or collected it and neglected to pay over the money to the plaintiff; that, thereupon, an action was commenced against the defendant, and a judgment was recovered in that action, before said Ralph, and the defendant procured the files from said justice, and refused to return them, all which was objected to by the plaintiff and admitted by the court.

The county court rendered a judgment for the plaintiff, and the defendant excepted.

*A. Tracy*, for defendant.

The paper, purporting to be a copy of record, was improperly admitted in evidence.

I. For the reason that it is not the copy of any proper or sufficient record.

II. Because of variance.

The parol evidence was improperly admitted.

1. Because it was not a case in which it was competent to supply the record by parol.

2. Because it does not tend to prove the contents of the papers, shown to be in the hands of the defendant.

III. Because no notice is shown to the defendant, to produce such papers.

But conceding the testimony to have been admissible, it is insisted that the facts found do not entitle the plaintiff to a judgment.

*J. Converse*, for plaintiff.

1. The record of justice Ralph was properly admitted, and was sufficient to support the action. To require formal technicality in the records and other judicial proceedings of justices of the peace, would be to render void a vast proportion of the judgments of justices in this state, and would lead to most disastrous consequences. It would be contrary to the spirit and meaning of the statute in relation to declarations before justices, as it would require more technicality in a record than in a declaration. Stat. vol. 1, p. 330. 2 Vt. R. 410. 6 do. 544. Cow. Just. 628.

This record shows that a judgment was rendered, the time and place where; the parties, the amount of damages and costs, and this is expressly declared to be sufficient, (6 Vt. R. 544,) if the justice be *dead*, and, if sufficient in that case, why not in this, when the justice is officially dead and gone to parts unknown, without leaving his files or records with the clerk of the county court. But it seems, in the case last cited which was far less formal, the justice's minutes were received as evidence of the judgment, and where, too, it did not appear but that the justice was still alive and within the reach of process. It is true, in that case the minutes were on the files; but, in this, the defendant has the files himself, and can produce them.

2. If the record is ambiguous and defective, the parol testimony was properly admitted to explain and support it.

3. If the record should be thought wholly inadmissible, the parol testimony was properly admitted to prove the judgment. It will not be pretended that the fact, that the justice has removed from the state and not lodged his files with the clerk, was inadmissible.

We think it equally admissible to prove that the defendant borrowed the files and refused to return them.

If there were no paper testimony in existence, to show

the rendition of a judgment, and the justice was either dead or gone to parts unknown, could not the judgment be proved by parol? Suppose that this defendant had paid and fully satisfied this judgment, the paper evidence of which judgment, files and execution, were all out of existence, and the magistrate either dead or gone to parts unknown, and the plaintiff should again bring an action for the original cause of action, would not the defendant be permitted to prove the judgment and satisfaction of it by parol? He most undoubtedly would. If, then, in the supposed case, the rendition of the the judgment could be proved by parol, for the protection of the defendant, why not in this, for the protection of the plaintiff, in case the court should say that the paper, admitted as a record of the judgment, was wholly inadmissible for that purpose?

The opinion of the court was delivered by

WILLIAMS, Ch. J.—This is an action of debt on a judgment, in which the plaintiff makes a profert of the record in the usual manner. The plea is *nul tiel record.* The parol testimony, which was received, must be laid out of the case, as such testimony was inadmissible, and the case must depend on the inquiry whether the record offered was legal evidence of the judgment declared on? We think it was not. It contains no legal evidence of a judgment. It shows no court holden, no appearance of either of the parties, no adjudication by the justice, no allusion to any writ, process, or declaration, and no award of execution. It would be going too far to give to this the verity of a record of a judgment.

The necessity of the case, which has induced the court, heretofore, to view the proceedings of justices of the peace, and evidences of judgments rendered by them, somewhat liberally, does not exist in this case. The magistrate is still alive, and can amend or perfect his records, if the facts will warrant his doing so.

In the case of *Story* v. *Kimball,* 6 Vt. R. 541, the defendant craved oyer of the record and demurred. The oyer set forth a regular judgment. What would have been the determination had the plea been *nul tiel record,* and the facts as supposed in the argument of that case, is somewhat ques-

tionable. In this case, the plaintiff was bound to show a regular judgment, but the informal and insufficient record, produced, did not show such a judgment. The judgment of the county court is, therefore, reversed.