*Nye et al. v. Kellam.*

GEORGE NYE and LUCIUS S. NYE *v.* SABIN KELLAM.

The original files, in a suit in which judgment has been rendered by a justice of the peace, being the writ and officers return thereon, and the justice's minutes, upon the writ, of the judgment, with the parol testimony of the magistrate to identify the files, are inadmissible as evidence of the judgment.

A justice's record of a judgment, which shows no appearance by either of the parties, nor adjudication by the justice, and contains no allusion to any writ, process, or declaration, and which shows no award of execution, is inadmissible, as evidence of the judgment.

Nye et al. *v.* Kellam.

In an action against a sheriff, for the neglect of his deputy to return an execution, a receipt, signed by the deputy, which contains an acknowledgment of his having received, for collection, the execution in question, is admissible in evidence on the part of the plaintiff; and he may also introduce parol evidence to explain its terms and form.

The entries, made by the treasurer of a town upon the book kept by the treasurers, and which is the property of the town, may, in some cases, be evidence for the person who made the entries, as treasurer, in a suit between him and a third person. But an entry upon such book, crediting the treasurer with paying a town order to a third person, has no tendency to prove the *manner*, in which such payment was made, and is wholly inadmissible as evidence for that purpose.

TRESPASS ON THE CASE against the defendant, as sheriff, for the default of his deputy, John Locke, in not levying and returning an execution in favor of the plaintiffs against Charles M. Cowles. Plea, the general issue, and trial by jury,—ROYCE, J., presiding.

On trial the plaintiffs offered in evidence the original files in the suit in their favor against Cowles, being the writ, and officer's return thereon, and the minutes made on the back of the writ, by the justice of the peace to whom it was made returnable, and the evidence of the justice, to identify the files, as evidence to prove the judgment described in their declaration; to all which the defendant objected, but the evidence was admitted by the court. Before the testimony was closed, however, the plaintiffs offered the record of the judgment, made by the justice, which was admitted, subject to all exceptions, and was in these words;—"At a court before me at Irasburgh, in Orleans County, August 28, 1840, Geo. & L. S. Nye recovered judgment, by default, vs. Chas. M. Cowles, for $68,27, damages, and $1,51, costs of suit;—J. Chapman, Justice of Peace."

The plaintiffs also offered in evidence a writing, signed by the said John Locke, as deputy sheriff, in these words,—"Rec'd the following executions for collection, dated the 28th Aug. 1840, and signed by J. Chapman, Just. Peace, Sept. 25, 1840," and specifying, among other executions, the one in question, against Cowles, and also parol evidence, that this writing was intended to be a receipt for that execution, and that the words "Sept. 25, 1840," were designed to express the date of the receipt. To this evidence the defendant objected; but it was admitted by the court. The receipt

of the execution by Locke was also sworn to by him, as a witness for the defendant.

The defendant then offered evidence, tending to prove that the execution against Cowles was controlled by the plaintiffs, before its expiration, and while in the officer's hands, and also evidence, tending to show that the execution had been paid by Cowles to the plaintiffs, by an order for ten dollars, drawn by one Allen upon one of the plaintiffs, in favor of Cowles, and by the application of part of an order for eighty five dollars, drawn by the selectmen of the town of Irasburgh in favor of Cowles, and by twenty five dollars in money. The plaintiffs then offered in evidence, for the purpose of disproving the fact of payment, and of showing that the order for $85,00 had been paid without application upon this execution, an entry upon a book, kept by the plaintiff George Nye, as treasurer of the town of Irasburgh, which entry was in these words,—"Geo. Nye, Town Treasurer, Cr.,—1842, Jan. 1. By C. M. Cowles' order, dated 24 Nov. 1841, 85,00 " to the admission of which the defendant objected, but the objection was overruled by the court. It was proved, that the book containing this entry was the town treasurer's book, which had passed with the office, and in which accounts were kept of the receipts and disbursements of the public money.

Verdict for plaintiffs. Exceptions by defendant.

*C. W. Prentiss* for defendant.

1. It was error in the county court in admitting the justice's files and the testimony of the justice, to prove the judgment. *Strong et al.* v *Bradley*, 13 Vt. 9.

2. The receipt, so called, and the parol evidence, to show that it was intended as a receipt, were, or the latter, at least, was, inadmissible.

3. The book of the plaintiff Geo. Nye, which he kept as town treasurer of Irasburgh, was erroneously admitted. 3 Johns. 226. 1 Stark. Ev. 298, 299. The entry was *res inter alios acta.* 17 Johns. 182. 1 Stark. Ev. 311. *Jacobs* v. *Putnam*, 4 Pick. 108. 5 Vt. 313, 556.

*J. Cooper* and *T. P. Redfield* for plaintiffs.

1. The original files of the justice were competent and sufficient evidence. *Story* v. *Kimball*, 6 Vt. 541. *Lowry* v. *Cady*, 4

Vt. 504. *Barnard* v. *Flanders,* 12 Vt. 657. But in truth the whole record was offered in this case, and the files became and were an essential part of the record; and, from an inspection, the court found such a judgment, as the declaration set forth.

2. The receipt and the parol evidence, to explain it, were competent evidence.

3. The town treasurer's book was properly admitted. It was a book of a public officer, passing with the office, and a book that the treasurer was required, by law, to keep. Rev. St. 92, § 52. 1 Stark. Ev. 194. *Marriage* v. *Lawrence,* 5 E. C. L. 245. *Price* v. *Littlewood,* 3 Camp. 288. *Hutchinson* v. *Pratt et al.* 11 Vt. 402.

The opinion of the court was delivered by

KELLOGG, J. Three questions are made in this case, for the consideration of the court.

1. Whether the original files, being writ, service and minutes on the back of the writ, to prove the judgment specified in the plaintiffs' declaration, and parol testimony of the magistrate, who rendered the judgment, to prove the identity of the files, were properly received in evidence. We are of opinion, that this was not proper and appropriate evidence to prove the judgment. The case of *Strong et al* v. *Bradley,* 13 Vt. 9, would seem to be decisive of this question. That case is almost identical with the case at bar, and the court there held the files of the Justice inadmissible, to prove the judgment; and, in the case of *Wright* v. *Fletcher,* 12 Vt. 431, the court held, that *parol proof* was inadmissible, to prove the judgment. Justices of the peace are required to keep records, and their judgments can only be proved by the *original record,* or an authenticated copy. The files do not constitute the record, but the evidence, from which the record of the judgment is made.

But the case finds, that, before the evidence was closed, the plaintiffs offered and gave in evidence (subject to exception) the record of the magistrate, as farther proof of the judgment. If the record of the judgment was properly received, (and this must depend upon whether it was sufficient,) it cured the irregularity of the previous introduction of the files and the parol proof to identify them. The record given in evidence was manifestly very imperfect; but, in answer to this, it is urged, that heretofore the records of our justices

of the peace have been viewed with great liberality and indulgence; and cases have been cited of decisions of this court, sustaining justice records less perfect than the one under consideration. This is undoubtedly true of some of the early adjudications, and especially in cases, where the magistrates had deceased, so that no method of amending the record remained. But it is equally true, that, in the more recent cases, which have come before the court, these records have been viewed with greater strictness. In the recent case of *Wright* v. *Fletcher*, before cited, the record of a justice's judgment, *less imperfect* than the present, was held quite insufficient to sustain an action. In that case an attempt was made to supply the imperfections of the record by parol proof; but the court held, " that the parol proof was inadmissible, and that the plaintiff was bound to show a regular judgment; but that the informal and insufficient record produced did not show such a judgment." Many of the objections, taken to that record, may well be taken to the record in the present case. It shows no appearance of either of the parties, no adjudication by the justice, no allusion to any writ, process or declaration, and no award of execution. If, then, it was necessary to give evidence of the judgment, upon which the execution issued, (and the *parties* appear to have deemed it necessary,) we think the record produced was insufficient, to prove such judgment, and consequently should not have been admitted. Nor should the parol evidence of the magistrate have been received, for the purpose of proving, or supplying, any part of the record, or files in the case.

2. It is farther objected, that the county court erred in admitting the receipt executed by the deputy of the defendant, at the time he received the execution for collection. We do not consider this exception well founded. The receipt purports to have been signed by the defendant's deputy, Locke, in his capacity of deputy sheriff, and to contain an acknowledgment of his having received, for collection, the execution, for the failure to collect which this suit was instituted. We see no reason, why the same was not properly admitted.

3. It is objected, that the court erred in permitting certain entries in the treasurer's book for the town of Irasburgh, which were made by one of the plaintiffs while he was treasurer of the town, to be given in evidence by the plaintiffs. It is undoubtedly a well settled *general* principle of law, that a party cannot be permitted to give in

Nye et al. *v.* Kellam.

evidence the entries, or memoranda, made by himself in his private books, and for the very obvious reason, that it would afford the party an opportunity to make testimony for his case. To this general rule, however, there are exceptions; but it is unnecessary upon the present occasion, to examine the authorities upon this subject, inasmuch as we do not regard the treasurer's book as the property of the officer keeping it, but of the town, for whose benefit the same is kept. It is a public book, required by law to be kept, and certain entries, are required to be therein made; and, upon a change of the treasurer, the books pass to his successor.

We entertain no doubt, that this book, and the entries therein made in the regular course of business, might, upon proper occasions, and for proper purposes, be used as evidence. The item upon the book which was given in evidence, was an order credited to the treasurer, purporting to bear date the twenty-fourth of November, 1841, and to be drawn upon the treasurer in favor of Cowles, the judgment debtor. Now if, as was suggested by the counsel for the plaintiff in the argument, the defendant claimed that the execution was paid by Cowles, and by this order, and *at a time which was anterior to the date of the order*, then this evidence, we think, would be admissible, for the purpose of rebutting that defence, unless the *order* was in existence and could be produced; in which event it should be produced, being better evidence of the *date* of the order, than the entry in the treasurer's books. But it appears by the bill of exceptions, that this evidence was offered, not for the purpose of showing when the orders were drawn, but for the purpose of showing, that the order of $85, was paid by the plaintiffs to Cowles, and that the order was not received to be applied upon the execution, and this at a period of more than a year after the execution was delivered to the sheriff. We think the book was clearly inadmissible for that purpose. Indeed, we cannot perceive, how the entry of the order upon the treasurer's book, could have the slightest tendency to prove the *manner*, in which the order was paid. Whether the order was received by the treasurer from Cowles, upon an agreement to apply the amount upon the execution, or the amount was paid to Cowles in money for the orders at the time, the entry of the order to the credit of the treasurer, would be the same it now is.

Judgment of county court reversed.