Nye et al. *v.* Kellam.

---

GEORGE NYE and LUCIUS S. NYE *v.* SABIN KELLAM.

[Same Case, 18 Vt. 594.]

It is no defence to an action against a sheriff for not levying and returning an execution, that it had been agreed between the plaintiff and the execution debtor, that the balance due upon the execution should be charged to the execution debtor upon the books of the plaintiff, and should be adjusted with their other book account, and that this agreement was mutually understood to be in discharge of all other liabilities and remedies, without evidence that the amount had been actually paid, or adjusted, by a settlement of the current account embracing it.

Nye et al. *v.* Kellam.

TRESPASS ON THE CASE against the defendant, as sheriff, for the default of his deputy, John Locke, in not levying and returning an execution in favor of the plaintiffs against Charles M. Cowles. Plea the general issue, and trial by jury, June Term, 1846,—ROYCE, J, presiding,

It appeared, that the execution in question was delivered to Locke September 25, 1840; and the defendant offered to prove, that in March, 1842, an arrangement was entered into between the plaintiff George Nye and the execution debtor, Cowles, that the balance due upon the execution should "go in account between them." To this evidence the plaintiff objected; but it was admitted by the court;—and this was all the evidence upon this point.

The court instructed the jury, that, if they should find that the execution had not been fully paid by Cowles to the plaintiffs, or one of them, the plaintiffs would be entitled to a verdict for the balance, unless there was an agreement between Cowles and the plaintiffs, or George Nye, that the balance should be transferred to the account of Cowles, and adjusted with their other deal, and that agreement mutually understood to be in discharge of all other liabilities and remedies;—but that, if they should find such an agreement was made, and that such an effect was mutually intended by it, then they would be at liberty to return a verdict for the defendant, on the ground of payment, or satisfaction, of the execution by Cowles to the plaintiffs.

Other points were made upon the trial and argued by the counsel; but no decision was made upon them by the supreme court,

Verdict for defendant. Exceptions by plaintiffs.

*J, Cooper* and *T. P. Redfield* for plaintiffs.

The arrangement between Cowles and George Nye was without consideration and void. It is but the common case of accord without *satisfaction,*—which has been uniformly held to be no discharge of the existing liability. *Bates* v. *Starr,* 2 Vt. 536. *Bryant* v. *Gale,* 5 Vt, 416. Smith's Leading Cases, Tit, "Accord and satisfaction."

*C. W. Prentiss* for defendant.

It was competent for one of the plaintiffs to control the execution, or to receive the pay upon it and give a discharge, or to settle

it by its going into account; and the charge of the court upon this point was clearly correct.

The opinion of the court was delivered by

DAVIS, J. This case came before this court on exceptions at the last term; when, after a verdict and judgment for the plaintiffs, a new trial was granted. 18 Vt. 594. It now comes before us, in the same manner, after a verdict and judgment for the defendant. The only point, upon which it is now necessary to pass, involves the admission, by the court, of evidence intended to show, that, after the sheriff had become liable for the default of his deputy, Locke, an arrangement had been entered into between one of the plaintiffs and the original debtor in the execution, Cowles, to the effect that whatever balance might be due on the execution should be passed in account between the parties, and the subsequent charge of the court in reference to that evidence. The charge, in substance, was, that, if they found it was agreed that such balance should be transferred to the account of Cowles, and adjusted with their other deal, and that agreement mutually understood to be in discharge of all other liabilities and remedies, the jury would be at liberty to regard this as payment, or satisfaction, of the execution.

We think the ruling of the court, in admitting this evidence, unaccompanied by evidence to show that this balance had been actually paid or adjusted by a settlement of the current account embracing it, was erroneous; as was also the charge embodying the same principle. A mere executory agreement to pay the execution in that form could have no other legal effect, than an unexecuted agreement to pay it by the execution, or indorsement, of a promissory note, or the acceptance of a bill, or even a naked promise to pay the money at a future day. Such agreements can never be relied upon as satisfaction. They must be pleaded in bar of the original liability; nor do they present a distinct ground of action in themselves.

It is obvious, that such an item would constitute no proper subject of book charge; the arrangement could not be enforced in that form; besides it is without consideration, and would fail on that ground. Should this defence be allowed to prevail, the plaintiffs would be without legal remedy for the balance due them, unless their debt-

Abbot *v.* Kimball et al.

or should voluntarily consent to account for it on settlement. See *Bryant* v. *Gale,* 5 Vt. 416, where the subject of accord and satisfaction was quite fully considered. The defence set up there, and which was allowed to prevail, was a new contract under seal, to accept a horse, if delivered by a certain time, in satisfaction of the several promises mentioned in the declaration. The case turned entirely upon the circumstance, that the substituted contract was under seal.

The judgment of the county court is reversed, and a new trial ordered.