# FRANKLIN COUNTY.

## January Term, 1849.

[Continued from *ante*, page 122.]

---

### William C. Ellsworth *v.* John A. Learned.

If a justice of the peace have died, without leaving a record, in the form required by law, of a judgment rendered by him, a copy of the original writ in the suit, with the officer's return thereon, with a copy of the memoranda made by the justice thereon, showing that the defendant was defaulted, and the amount of damages and costs, and the issue of execution, with a copy of the execution, all certified by the clerk of the county court of the county in which the justice resided, will constitute sufficient evidence to sustain a declaration in debt upon the judgment, notwithstanding it do not appear from the officer's return upon the writ, in the suit in which the judgment was rendered, that the defendant had notice of the suit, and do not appear from the justice's memoranda, that either party appeared before him at the return day.

The statute, requiring justices of the peace to make full records of their judgments, must be held to be positive and peremptory, so long as the justice can comply with it, but must be deemed as only directory, when compliance has become impossible, and then the minutes of the justice, in connection with the files and papers upon which they are entered, will furnish sufficient evidence of a valid judgment.

The want of actual notice to a defendant of the pendency of the suit will not render the judgment void, as in that case his rights are otherwise protected by statutory enactments.

Debt on judgment. Plea, *nul tiel record*, and trial by the court, September Term, 1847,—Royce, Ch. J., presiding.

On trial the plaintiff gave in evidence a copy of an original writ in his favor against the defendant, signed by Cromwell Bowen, a justice of the peace, and returnable before him at Berkshire, in the county of Franklin, the second Monday in October, 1840; also a copy of the officer's return thereon, showing the attachment of the defendant's property, and the leaving of a copy at his last and usual

Ellsworth v. Learned.

place of abode; also a copy of memoranda made by the justice upon the writ, and signed by him, in these words,—" Continued to the 4th Monday of Oct. 1840, same time and place ;"—" Defaulted, Oct. 26, 1840,—damages $59,72,—cost $2,59 ;"—" Exon. issued Oct. 26, 1840 ;" also a copy of the execution issued upon the judgment,—which corresponded with the minutes upon the writ, and also with the judgment described in the declaration in this suit. It appeared, that the justice had died, since the judgment was rendered, and these copies were certified by the clerk of the county court for the county of Franklin.

The court, upon inspection of these copies, adjudged, that there was no such record, as that described in the declaration, and rendered judgment for the defendant. Exceptions by plaintiff.

*C. Beckwith* and *J. Rand* for plaintiff.

The rule of evidence, constituting the record of a judgment the means by which such judgment is to be proved, is at all times subservient to the general rule, that, if the best evidence, of which the nature of the case admits, cannot be had, then the best legal evidence, that can be had, shall be received. When records are lost, or destroyed, courts have uniformly allowed their contents to be proved by the next best evidence. *Dillingham* v. *Snow,* 5 Mass. 547. *Stockbridge* v. *West Stockbridge,* 12 Mass. 400. 1 Greenl. Ev. 97, 554. *Dyson* v. *Wood,* 3 B. & C. 449, [10 E. C. L. 149.] When courts, in practice, do not draw up an authentic memorial of their proceedings, their judgments are allowed to be proved by the minutes of the judgment, upon the principle, that the best evidence, that can be had, shall be received. *Jones* v. *Randall,* Cowp. 17. *Arundell* v. *White,* 14 East 214. 1 Greenl. Ev. 557. The supreme court of this state have always recognized the rule, that where an actual necessity existed, as in the present case, the files and minutes of the justice would be admissible as evidence to prove a judgment; *Strong et al.* v. *Bradley,* 13 Vt. 9; *Wright* v. *Fletcher,* 12 Vt. 431; *Nye* v. *Kellam,* 18 Vt. 594; *Lowry* v. *Cady,* 4 Vt. 504; *Story* v. *Kimball,* 6 Vt. 541; and this rule has been recognized, and acted upon, both in England and in the other American states. *Dyson* v. *Wood,* 10 E. C. L. 149. *Baldwin* v. *Prouty,* 13 Johns. 430. *Pruden* v. *Alden,* 22 Pick. 184. 1 Greenl. Ev. 554.

*A. Burt* and *L. B. & G. G. Hunt* for defendant.

Justice's courts are made courts of record by the statute of this state. Rev. St. 176, § 63. The paper produced does not show, that the defendant ever had notice of the suit, or that there was a court held, or that either the plaintiff, or defendant, appeared before the justice, or that any judgment was rendered. All this is necessary, to make a valid judgment, as declared on by the plaintiff. What is necessary, to constitute a record of a justice's judgment, has been abundantly decided by this court. *Story* v. *Kimball*, 6 Vt. 541. *Wright* v. *Fletcher*, 12 Vt. 431. *Strong* v. *Bradley*, 13 Vt. 9. *Nye* v. *Kellam*, 18 Vt. 594. *Blodgett* v. *Royalton*, 14 Vt. 288. Rev. St. 175, § 55. All that is necessary to be recorded must be shown by the record. *Sherwin* v. *Bugbee*, 17 Vt. 337. *Godefroy* v. *Jay*, 1 M. & P. 236, [17 E. C. L. 177.] 14 Ib. 265.

The opinion of the court was delivered by

ROYCE, Ch. J.   Justice's courts have always been regarded as courts of record in this state, and the question has several times arisen,—what shall be considered a sufficient record of a justice's judgment ? The decisions upon the question appear at first view to be conflicting. In *Story* v. *Kimball*, 6 Vt. 544, and in a case there cited, it was held to be sufficient, if the entries of the magistrate upon the original files and papers in the case contained satisfactory evidence, that the alleged judgment was in fact rendered. It was subsequently held, that such entries did not constitute a record, but were only minutes, from which to make the record ; and that files and original papers were not admissible evidence to make out a record. *Wright* v. *Fletcher*, 12 Vt. 431. *Strong* v. *Bradley*, 13 Vt. 9. *Nye* v. *Kellam*, 18 Vt. 594.

This seeming inconsistency may be substantially reconciled, by recurring to the facts and circumstances by which the different decisions were induced. In the three cases last cited it appeared, that the magistrates were still living, and, consequently, that records of their judgments might be made in conformity to the statute. The court, therefore, required the production of such a record, as would be sufficient, when made in a book of records. And by such a record it should, of course, appear, whether the parties, and which of them, if not both, attended before the justice, and whether an

68

actual adjudication was had. And hence the remark of judges to be found in these recent cases, that a record showing a default simply, without stating the appearance of either party, and without reference to files, &c., furnished no evidence of an adjudication by the magistrate. The meaning is, that it did not furnish *such* evidence, as the record contemplated by statute should furnish. But there is a class of cases, where no such record exists, or can be made. To such cases the earlier decisions applied, and such is the present case.

It should be borne in mind, that the duty of recording their judicial proceedings in books, to be kept for that purpose, was first enjoined upon justices of the peace by the statute of 1821. Slade's Stat. 304. Before that time they merely entered their proceedings and judgments upon the original files and papers. Such entries constituted their records, except when some occasion required a distinct record to be drawn up in a more extended and formal manner. And this kind of record, consisting of original minutes by the magistrate, which was commonly his only record prior to the statute referred to, must still of necessity be received as a record, when no other can be had. The statute requiring that additional and distinct records shall be made, and implying that they shall possess all the ordinary requisites, is properly held to be positive and peremptory, so long as the justice can comply with it, but must be deemed as only directory, when compliance has become impossible. And the question will then be, not whether the minutes of the justice would constitute a sufficient separate record when entered in a book of records, but whether, in connection with the files and papers on which they were entered, they furnish sufficient express or presumptive evidence of a valid judgment. If so, it must be held, under the circumstances, that a record is shown.

We are satisfied, that the county court should have found sufficient evidence in the papers before them, to prove the judgment declared on; in other words, to make out the record, the existence of which was in issue. It is true, that an appearance of one or both of the parties at the time and place appointed *in the* writ, as also the plaintiff's appearance and the defendant's non-appearance at the time to which the suit was continued, have to be assumed by presumption. But the presumption is entirely consistent with the

minutes of the justice; and, in the absence of evidence to the contrary, there is always a presumption in favor of the correctness of proceedings in courts of justice, in matters about which their records are not full or explicit. And such presumption, under circumstances like those in the present case, should be even stronger in aid of justice's courts than of higher tribunals. We have no occasion to decide, how far presumptions in support of the judgment, arising from the magistrate's minutes, might be rebutted by extrinsic evidence; nor whether such evidence could be received in this action upon the judgment, or only in some proceeding instituted to set the judgment aside.

The want of actual notice to the defendant, of the pendency of the suit, would not render the judgment void; as in that case his rights were otherwise saved and protected by statutory provisions.

Judgment of county court reversed, and judgment, that there is such a record.