## Isaac Kimball v. The Town of Newport.

### Collateral Impeachment of Judgment merely Voidable.

The general rule is, that judgments which appear to have been regularly obtained, are conclusive upon parties and privies, and cannot be impeached in any collateral proceeding. If one against whom such judgment be obtained would avoid it, he must do so by some proceeding instituted for that purpose, and in which an issue can be formed upon the question affecting its validity. Hence, case will not lie for arrest and imprisonment upon an execution issued upon a judgment merely voidable, but not void.

Case for the false, fraudulent, and malicious arrest and imprisonment of the plaintiff upon an execution issued upon a judgment in favor of the defendant against the plaintiff, which said judgment and execution the plaintiff alleged to be void.

The defendant pleaded the general issue, and a special plea of justification, alleging the due and regular recovery of said judgment before a justice of the peace, the revival thereof by *scire faicas*, the issue of execution thereon, and the arrest of the plaintiff by virtue thereof.

The plaintiff replied that after the original suit in which said judgment was rendered had been once continued, and before the continuance day thereof, the defendant agreed with the plaintiff, that he need not be present on that day, but that the suit should then be again continued to some day to be fixed by the defendant, whereof the plaintiff should have notice; that the plaintiff, relying upon said agreement, did not attend on said day; that although

said cause was then again continued to a day fixed by the defendant, the plaintiff was not notified of, and did not know, the day thus fixed, until some time thereafter; that on said last-named day, the defendant, fraudulently, corruptly, and in violation of said agreement, took judgment by default against the plaintiff; that thereafterwards the plaintiff claimed to the defendant, that said judgment was rendered in violation of said agreement, and was fraudulent and corrupt, and ought not to be enforced against him; all which the defendant admitted, and then and there promised the plaintiff not to attempt to enforce the same; that by means of said promise the defendant then and there intentionally and fraudulently induced the plaintiff to take, and relying thereon, the plaintiff did take, no measures to vacate and set aside said judgment within two years, or at any other time, after the rendition thereof; that after the lapse of said two years, the defendant instituted proceedings to revive said judgment by *scire facias*, which said proceedings were had when the plaintiff was out of the state, and whereof he had no personal notice, and that they were in fraudulent violation of said promise.

The defendant demurred to the replication, and assigned among other causes, that the facts therein set forth did not show said judgment void, as alleged in said declaration. Joinder in demurrer.

The court, at the September term, 1873, REDFIELD, J., presiding, sustained the demurrer, and adjudged the replication insufficient; to which the plaintiff excepted.

*J. Grout, Jr.*, and *Benton, Hill & Cross*, for the plaintiff.

The replication shows that the judgment by default was taken in such manner as deprived this plaintiff of his day in court by either fraud or mistake. This made it a *voidable* judgment; a petition for new trial would have avoided it. Instead of applying to the county court to do this, he applied to the party. The result of this application was, that the party acknowledged the justice of the claim, and agreed that the judgment should not be enforced. Now, although it is undoubtedly true that parties cannot by mere agreement avoid a valid judgment, we insist that

such an agreement will avoid an invalid or voidable judgment. There can be no rule of law to prevent parties from arriving by mutual agreement, to the same result that a court of law must have reached had the parties contested their rights. From that date the judgment was as effectually void as if it had been set aside by the county court.

However this may be as to the status of the judgment after that agreement, the parties acted upon it, and upon the faith of it this plaintiff allowed his remedy by petition to lapse. Such a state of facts will preclude a party from enforcing a judgment, even one that was originally valid. *Fletcher* v. *Bennett*, 36 Vt. 659.

If an execution had issued at this stage of the proceedings, and this plaintiff been imprisoned upon it, although the officer would have been protected by the apparent regularity of the papers, the right of the plaintiff to maintain an action like this, would have been clear. *Deyo* v. *Van Valkenburgh*, 5 Hill, 244. This authority and the case there cited, *Lewis* v. *Palmer*, 6 Wend. 368, are conclusive that it is not necessary to first set aside the executions, in order to maintain such actions.

The question is, then, whether the *scire facias* gave any additional validity to that judgment. The replication shows that that proceeding was had in bad faith, and that it was substantively and actively fraudulent, and had without notice to the then defendant, and in his absence. This at common law and on common law principles, would render it invalid. PECK, J., in *Price* v. *Hickok*, 39 Vt. 292, 297–8.

We have however statutory provisions allowing certain *quasi* judgments against absent defendants, and certain proceedings upon such judgments. By the terms of these statutes, they are not conclusive, for they are subject to revision. Gen. Sts. 283, 284. This statute does not in terms nor by implication give such judgments the effect of an estoppel.

The provisions for proceedings in case of absent defendant before justices of the peace, are very similar to those for such proceedings before supreme and county courts. Gen. Sts. 296, 297. In these, it is expressly provided, § 56, that such judgments shall, when sued, be open to all defenses. This is not in terms provided

in cases of proceedings before justices of the peace, yet it cannot be said that the legislature intended to make their judgments more conclusive than those of the supreme and county courts. That section is simply declaratory of the effect of the previous sections, and without it the judgment would not be held conclusive in other proceedings.

*J. T. Allen* and *Edwards & Dickerman*, for the defendant.

The defendant's plea sets forth a judgment regularly obtained, and all the antecedent steps necessary to a valid judgment and execution. These are all a matter of record, and as such, admitted by the pleadings. The plaintiff seeks to avoid this judgment and execution by matter in parol, and sets up a parol agreement in his replication for that purpose. This cannot be done. The record cannot be thus directly or indirectly attacked. *Eastman et al.* v. *Waterman*, 26 Vt. 494; *Mosseaux* v. *Brigham*, 19 Vt. 457; *Sayles* v. *Briggs*, 4 Met. 421; 1 Archibald N. P. (3d Am. ed.) 574, 585; *Oakley* v. *Davis*, 16 East. 82; 2 Saund. Pl. & Ev. 516, (4th Am. ed.)

The promise of the defendant not to enforce the judgment, is no answer to the defendant's plea. It could at most be only the groundwork for an action of assumpsit. The facts in this case, as alleged in the plaintiff's declaration, will not sustain an action on the case. 1 Am. Lead. Cas. 217, note to *Munns* v. *Dupont et al.* (3d edition); 1 Hilliard Torts, 479, (2d edition); *Bixby* v. *Brunbridge*, 2 Gray, 129; 1 Archibald N. P. 483; *Parsons* v. *Lloyd*, W. Bl. 844; *Baker v. Briham & Norwood*, Ib. 865; *Cameron* v *Lightfoot*, Ib. 1192; 2 Bouv. Law Dict. 614; 1 Chit. Pl. 181, note 4, (6th London ed.)

ROYCE, J. The plea in this case avers the obtaining of a judgment and the issuing of an execution upon it, under which the plaintiff was arrested and imprisoned. The proceedings all appear to have been legal in form and furnish a sufficient *prima facie* justification for the arrest and imprisonment complained of.

The plaintiff in his replication seeks to avoid the legal effect of the original judgment, upon the ground that an agreement was

6

Kimball *v.* Newport.

entered into between him and the defendant, that he was to be notified of the time when the suit was to be tried ; that he never received any such notice, and that in fact he had no notice of the time when the suit stood for trial and the judgment was obtained, and that at the time when the defendant instituted proceedings to revive the judgment by the action of *scire facias*, he was out of the state, and had no personal knowledge of the same. The defendant demurred to the replication, and the question presented is, whether the existence of the facts alleged in the replication are sufficient in law to avoid the judgment and render the subsequent proceedings under it actionable.

If the judgment was only voidable, the defendant could justify under it ; if void, the plaintiff might treat it as a nullity, and it would furnish no justification to those acting under it. In actions upon judgments, it is not necessary to the validity of the judgment under the plea of *nul tiel record*, to prove actual notice of the pendency of the suit. In *Ellsworth* v. *Larnerd*, 21 Vt. 535, Royce, Ch. J., says, that " the want of actual notice to the defendant of the pendency of the suit, would not render the judgment void ; " as in that case, his rights are otherwise secured and protected by statutory provisions.

The general rule is, that judgments which appear to have been regularly obtained, are conclusive upon parties and privies, and that they cannot be impeached in any collateral proceeding. If a party against whom such a judgment has been obtained would avoid it, it must be done by some proceeding instituted for that purpose, and in which an issue can be made upon the questions affecting its validity. Such questions cannot be raised and adjudicated in this court, without disregarding all the well settled rules of law applicable to the subject. This view renders it unnecessary to pass upon the other questions raised by the demurrer.

Judgment affirmed.