## NICHOLAS HENRY *vs.* DAVID C. ESTES.

Berkshire.   Sept. 9. — Oct. 25, 1879.   ENDICOTT & LORD, JJ., absent.

Under the Comp. Sts. of Vt. c. 29, § 22, authorizing a justice of the peace to accept
and record a confession of a debt to a creditor, made by the debtor personally,
"either with or without antecedent process, as the parties may agree," and to
render judgment on such confession, a record of a judgment, which shows that
the debtor appeared before the justice, without antecedent process, and acknowl-
edged the debt to be due to the creditor, and does not state that the debtor
agreed that such acknowledgment should be taken as a confession of judgment,
or that the judgment should be rendered thereon without antecedent process, is
insufficient.

CONTRACT upon a judgment of a justice of the peace of the
State of Vermont, entered on June 11, 1852.   Writ dated Feb-
ruary 21, 1877.

At the trial in the Superior Court before *Gardner*, J., without
a jury, at October term 1878, the plaintiff contended that the
judgment was rendered on a promissory note, upon a confession
made by the defendant personally without antecedent process,
under the Comp. Sts. of Vt. *c.* 29, § 22, and put in evidence the
following copy of the judgment, duly certified:

" State of Vermont, Bennington County, ss.

" Be it remembered that at Bennington, in said county, on
the 11th day of June, A. D. 1852, D. Clark Estes, of Bennington,
personally appeared before me, Charles W. Grover, a justice of
the peace within and for the county of Bennington, and confessed
and acknowledged himself indebted to Nicholas Henry, of Ben-
nington, without antecedent process, in the sum of two hundred
and thirty-four dollars debt.   Whereupon it is adjudged by said
justice that the said Nicholas Henry recover of the said D.
Clark Estes the said sum of two hundred and thirty-four dollars
debt, and three dollars and sixty cents costs.   Whereof the said
Nicholas Henry may have execution.

" C. W. Grover, Justice of the Peace."

No evidence was introduced of any agreement or understand-
ing between the parties, or with the defendant, by any one, that
such confession of debt should be made, and judgment entered
thereon, without antecedent process.

The following evidence was introduced of the law of Vermont: Comp. Sts. of Vt. *c.* 29, §§ 20, 22, 28, 29.   Gen. Sts. of Vt. *c.* 31, §§ 21, 22, 71, 73.   *Carpenter* v. *Pier,* 30 Vt. 81.   *Stevens* v. *Fisher,* 30 Vt. 200.   *Farr* v. *Ladd,* 37 Vt. 156.   *Ellsworth* v. *Learned,* 21 Vt. 535.   *Hubbard* v. *Fisher,* 25 Vt. 539.   *Brown* v. *Edson,* 23 Vt. 435, 448.   *Hoxie* v. *Wright,* 2 Vt. 263.   *Nye* v. *Kellam,* 18 Vt. 594.

The judge ruled that the justice of the peace had no jurisdiction to render judgment upon the confession of the defendant without antecedent process, because the record or judgment did not show that such confession was agreed to by the plaintiff and the defendant; ordered judgment for the defendant; and reported the case for the determination of this court.   If the ruling was correct, the order was to stand; otherwise, it was to be reversed.

*A. Potter,* for the plaintiff.

*J. Rockwell,* for the defendant.

MORTON, J.   This is an action upon a judgment of a justice of the peace of the State of Vermont.   Such judgment is conclusive if it is duly proved, and if the justice had jurisdiction to render it.   But nothing can be presumed in favor of the jurisdiction of courts or magistrates having only a special or limited jurisdiction.   The record should show that the judgment was within the limits of their jurisdiction.   *Hendrick* v. *Whittemore,* 105 Mass. 23.   *Wells* v. *Stevens,* 2 Gray, 115.   *Sayles* v. *Briggs,* 4 Met. 421.   *Nye* v. *Kellam,* 18 Vt. 594.   *Wright* v. *Fletcher,* 12 Vt. 431.

The statutes of Vermont provide that " a justice is authorized to accept and record a confession of any debt to a creditor, made by the debtor personally, either with or without antecedent process, as the parties shall agree, and render judgment on such confession."   Comp. Sts. of Vt. *c.* 29, § 22.   Gen. Sts. of Vt. *c.* 31, § 21.   Under these statutes, a justice has no power to render a judgment without antecedent process, unless the parties agree.   His jurisdiction depends upon the agreement of the parties.

The record of the justice of the peace, put in evidence, shows that the defendant appeared personally before the justice without antecedent process, and acknowledged the debt to be due to the

plaintiff; but it does not show that he agreed that such acknowl-edgment should be taken as a confession of judgment, or that judgment should be rendered thereon without antecedent process. Every allegation of the record would be true if the parties had appeared before a justice of the peace, and the defendant in his presence had merely admitted that the debt to the plaintiff was due, without any intention to agree that a judgment should be rendered thereon.

The Superior Court was justified in finding that the justice of the peace had no jurisdiction, and properly ordered judgment for the defendant.                    *Judgment for the defendant.*