Kibling v. Clark.

GEORGE F. KIBLING v. EBER N. CLARK AND A. P. HATCH.

*False Imprisonment.* *Justice of the Peace and Town Grand Juror not Liable.*

1. A justice of the peace and town grand juror are not *liable* for their *judicial acts,* done in *good faith, right* or *wrong,* when they have *jurisdiction* of the *subject-matter,* the *process,* and the *person* of the party dealt with.
2. No action can be sustained against the justice for issuing a *mittimus* with *costs* of *prosecution in it, when they had been paid* by the respondent, no damage being done thereby.
3. Nor, when there was an *agreement* that the *fine should not be enforced so long* as the *respondent refrained from violating* the laws against the illegal sale of liquor, without giving him notice.
4. Nor, when the justice *delayed* several weeks before issuing the mittimus.

THIS case was heard on the report of referees at the May Term, 1880, BARRETT, J., presiding. Action, for false imprisonment. Judgment for defendants. The referees found and reported that defendant Clark was the grand juror, and defendant Hatch, a justice of the peace, of the town of Norwich; that the plaintiff was charged with selling intoxicating liquor contrary to law; that the defendants acted in good faith, and that the justice before issuing the mittimus consulted an attorney, who had had nothing to do with the case, and was advised by him that it could be legally issued. It was issued without notice to the plaintiff. As to the agreement to stay proceedings the referees reported as follows:

" The next morning—May 15th—the case was called in Van Cor's law office. The justice was present, and the State was represented by the grand juror, Van Cor, and Chase, an attorney from Hanover, who was sent by the college. The plaintiff was represented by himself, his father, and Lewis S. Partridge.

Thereupon negotiations then and there were commenced about a settlement, as they called it, the result of which was that it was then and there agreed that plaintiff should plead guilty to twenty-five offences, and be fined two hundred and fifty dollars, and pay the costs of that proceeding, including counsel fees on the part of the State, and also the costs and charges in a previous prosecution against the plaintiff for selling intoxicating liquor, then pending in Windsor County Court, wherein President Smith of said college was private prosecutor, amounting in all to $88.10, and that plaintiff should not be called upon to pay said fine unless he again violated the law in relation to intoxicating liquors. Thereupon, in pursuance of said agreement, Van Cor then and there, in the presence of all parties and the court, entered on said complaint and warrant the words and figures following:

" NORWICH, May 15, 1875.

" Respondent arrested, pleads guilty to twenty-five offences. Ordered " to pay fine,                                                                    $250.00 " Costs of prosecution,                                                              9.06

" Judgment suspended until respondent shall again violate the law in relation to intoxicating liquors "; and then and there read the same aloud in the presence and hearing of all the above named persons, including the court ; and no suggestion was there made by any one that said minute did not embody the substance of the agreement ;  .  .  .  .  .   and we find that it did, except that it did not state that plaintiff was to pay costs and charges as aforesaid.   And the justice then and there signed said minute in his official capacity ;  the plaintiff then and there paid all said costs and charges.  .  .  .  .   At the time of making said agreement no provision was made as to the manner of ascertaining whether said law had been again violated by the plaintiff;  but the parties to said agreement, at the time of the making thereof, understood that the collection of said fine should not be enforced without plaintiff's first having an opportunity in some way to be heard upon the question of whether he had again violated said law.

Within two hours after the court adjourned as aforesaid, the justice, at the suggestion of Mr. Chase, but without the knowl-

Kibling v. Clark.

edge or consent of plaintiff, altered the minute on the complaint and warrant so as to read as follows, to wit:

"NORWICH, May 15, 1875.

"Respondent arrested—pleads guilty to twenty-five offences. Ordered "to pay fine,    $250.00
"Costs of prosecution,    9.06

"Judgment suspended until respondent is called.

"A. P. HATCH, Justice Peace."

. Matters remained thus for several weeks, when verbal complaints began to be made to defendant Clark, grand juror as aforesaid, that plaintiff was again violating the liquor law. Clark delayed acting in the matter some two weeks, and more similar complaints being made to him in the meantime, he became satisfied in his own mind, that the plaintiff was in fact again " violating the law." The referees found that the justice was not a party to this agreement.

*S. E. Pingree* and *French & Southgate*, for the plaintiff.

Magistrates are liable, if guilty of an excess of jurisdiction. 1 Chitty Pl. 204, 208 ; 2 Hillard Torts, 184; *Piper* v. *Pearsons*, 2 Gray, 120; *Clark* v. *May*, Ib. 410. If the *mittimus* was wrongfully issued the defendants are liable. *Morrill* v. *Thurston*, 46 Vt. 732; 10 Johns. 93; *Daggett* v. *Clark*, 11 Cush. 262; *Sullivan* v. *Jones*, 2 Gray, 570 ; 4 Met. 553. The grand juror liable. *Allen* v. *Gray*, 11 Conn. 95; *Tray* v. *Williams*, 4 Conn. 107 ; 7 Gray, 55. If in such case the justice issues a mittimus, without notice, it is an excess of jurisdiction ; 11 Cush. 262. If an officer arrests a party, lets him go, he cannot arrest him on the *same warrant* afterwards; 2 Hawk. Pleas of Cr. Ch. 13, s. 9, p. 130. The justice had power to stay proceedings. *Rowan* v. *Union Arms Co.*, 36 Vt. 124, 138.

*D. C. Denison & Son*, for the defendants.

The justice having jurisdiction, *error in judgment* would not subject him to an action. *Vorehees* v. *Martin*, 12 Barb. 508; 7 Wend. 200 ; 2 Cush. 63 ; 8 Conn. 375.

The opinion of the court was delivered by

Ross, J.   The defendant Clark, as town grand juror, and the defendant Hatch, as justice of the peace, had jurisdiction of the subject-matter, the process and the person of the plaintiff, in the proceedings which resulted in the commitment of the plaintiff to jail, of which he complains, and for which he seeks to recover damages in this suit.   When a magistrate acts judicially upon matters, over persons and by the use of processes, within his jurisdiction, in good faith, however erroneous his judgment thereon may be, and however much others may suffer from his errors, he is not liable therefor.   His judicial judgments thereon are his protection.   This being so, all the plaintiff claims and complains of as shown by the report of the referees, does not entitle him to recover against the defendants.   The prosecution was regularly instituted.   He was duly arrested and brought before the justice, pleaded guilty, was fined, the costs taxed, and the fine and costs ordered to be paid.

By an arrangement brought about by him and those acting in his interest between him and those interested in the prosecution, the enforcement of the collection of the fine and costs was to be stayed until he should be again guilty of a violation of the law regarding the illegal sale of intoxicating liquors.   If the justice had been a party to that arrangement, as he was not, such arrangement was directly in the face of the statute holding prosecuting officers and magistrates to a faithful and rigid enforcement of the law under severe penalties, against public policy and void.   But if not void, it was no more than the agreement of the parties to the arrangement not to have mittimus issued until the happening of the contingency named, and then upon notice to the plaintiff.   The plaintfff specially complains that the mittimus was issued without notice, or hearing accorded to him, in violation of the understanding at the time the fine was imposed.   At most it was but the violation of an agreement and did not touch the validity of the judgment and the process issued thereon.   In this respect it falls within the scope of the decision of *Kimball* v. *Newport*, 47 Vt. 38.   That was an action of false imprisonment on an execution in favor of the de-

fendant which the plaintiff alleged was void. There was a special plea of justification by the defendant alleging the recovery of a judgment, revival thereof by *scire facias*, and the arrest of the plaintiff on the execution issued thereon. The plaintiff replied that after the original suit had been once continued, he agreed with the defendant for a further continuance, and that the defendant took judgment in violation of its agreement without notice to him; that thereafter on being charged by the plaintiff with a violation of the agreement, the defendant agreed not to enforce the judgment against him, and by means thereof fraudulently kept the plaintiff from taking measures to have the original judgment set aside until it was too late, and then revived the judgment by *scire facias*, when the plaintiff was out of the State, without notice to him. On demurrer to the replication it was held that the original judgment could not be attacked collaterally, and furnished a full justification to the defendant in causing the arrest and imprisonment of the plaintiff, even if the judgment were voidable, and would have been vacated on proper proceedings brought for that purpose. That case in principle covers the main question raised in this case, as to whether the proceedings, judgment, and mittimus were rendered void by the issue of the mittimus without notice to the plaintiff. In that case no judgment had been rendered against the plaintiff at the time the alleged agreement for a continuance was made, while in the case at bar there was a perfected judgment, and only an agreement to stay the issuing of the mittimus. Hence, if the defendants both had entered into the arrangement for staying the issue of mittimus, and that agreement had been valid rather than void, the issue of the mittimus in violation thereof, would not have rendered the anterior proceedings, judgment and mittimus, nugatory to protect the defendants, when sued for false imprisonment. The claim that the magistrate lost his right to issue the mittimus, because he did not issue it immediately upon imposing the fine, and that all right was lost to take the plaintiff on the mittimus by allowing him to go at large after the fine was imposed, is not supported by the authorities cited by the plaintiff's counsel, and has no foundation in reason or practice. So far as the case of *Daggett* v. *Cook,*

11 Cush. 262, is in apparent conflict with *Kimball* v. *Newport, supra,* we must adhere to the latter as the expression of the law as established in this State. Nor can we reconcile the Massachusetts decision with well-recognized principles, unless controlled by some statute not referred to in the decision. It is contended that because the costs which had been paid by the plaintiff were included in the mittimus, the justice exercised an excess of jurisdiction, that renders him liable. To properly set out the judgment in the mittimus, it was necessary to state the costs as well as the fine. At most there was only a failure to mention that the costs had been paid. But as the costs were not exacted a second time from the plaintiff, he has suffered no damage from this failure; and their mention in the mittimus furnishes under the circumstances no ground for a recovery. These views are decisive of the case without considering whether the divorced wife of the plaintiff was properly allowed to testify to illegal sales of intoxicating liquors intervening the imposition of the fine, and the issuing of the mittimus, made while she was the wife of the plaintiff, and no opinion is expressed in regard to that question.

The judgment of the County Court is affirmed.