THE FIRST NATIONAL BANK OF THE CITY OF BROOK-
LYN v. WILLIAM T. WALLIS ET AL.

The validity of a judgment of another state cannot be impeached for any
supposed defect or irregularity in the transaction on which it was
founded, and no defence can be interposed in an action upon such
judgment upon matters existing before its recovery.

On demurrer to plea.

The declaration contained a count upon a judgment re-
covered by plaintiff in the Supreme Court of the State of
New York.

To this count, defendants, among others, filed the following
plea:

"And for a further plea in this behalf by leave of the court
here for that purpose first had and obtained, according to the
form of the statute in such case made and provided, as to the
first count in said declaration mentioned, these defendants say
that the said plaintiff ought not to have or maintain its afore-
said action thereof against them, because they say that at the
time of the commencement of said suit, and at the present
time, there remains of record in this court a judgment re-
covered by the plaintiff herein against the Wallis Iron Works,
which said judgment was founded upon a judgment entered
in the Supreme Court of the State of New York, in the
county of Kings, against the Wallis Iron Works, Herman
Steutzer and Michael Fleckenstein, and that the cause of
action upon which said judgment in said Supreme Court in
the State of New York was entered, was a certain promissory
note or notes of the said Wallis Iron Works, and for its obli-
gation made, executed and signed by these defendants, as the
president and treasurer, respectively, of the said Wallis Iron
Works, and not for their individual indebtedness, which said
judgment entered in said Supreme Court of the State of New
York against said Wallis Iron Works and others, and after

entry of judgment aforesaid in this court against the Wallis Iron Works, was on motion of the plaintiff herein and therein vacated, and after execution had issued and been returned on said New York judgment and set aside in the said Supreme Court of the State of New York, and thereafter suit was begun against these defendants and said Steutzer and Fleckenstein, in said State of New York, by the same plaintiff, upon the promissory note or notes, or some of them, which had been sued on and had formed the cause of action upon the judgment against the Wallis Iron Works, and others so vacated as aforesaid, against said iron works and others, and judgment recovered against them, and which said last-mentioned judgment forms the cause of this action and upon which this suit is founded.

"And this the said defendants are ready to verify by the said records, wherefore they pray judgment if the said plaintiff ought to have or maintain their aforesaid action thereof against them."

A demurrer to this plea was interposed by plaintiff.

Argued at February Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the plaintiff, *Robert L. Lawrence.*

For the defendants, *William D. Edwards.*

The opinion of the court was delivered by

MAGIE, J. If the matters set up in the plea demurred to availed as a defence against the notes whereon the judgment now sued on was recovered, it is obvious that they could have been interposed as a defence in that action. That fact is decisive of the question raised by this demurrer. For nothing is better settled than that the validity of judgments cannot be impeached for any supposed defect or irregularity in the transaction on which they were founded, and therefore no defence can be interposed to an action on a judgment upon

matters existing before its recovery. That this doctrine is applicable to all judgments recovered in the same state or in any other state of the Union has never been questioned. *Chit. Pl.* 320, 427; *Rock* v. *Leighton, Salk.* 310; *Erving* v. *Peters,* 3 *T. R.* 686; *Freem. Judg.,* § 249, and cases; *Biddle* v. *Wilkins,* 1 *Pet.* 686; *Dimock* v. *Revere Copper Co.,* 117 *U. S.* 559; *Boynton* v. *Ball,* 121 *Id.* 457; *Cromwell* v. *County of Sac,* 94 *Id.* 351; *Pringle* v. *Woolworth,* 90 *N. Y.* 502; *Weir* v. *Vail,* 65 *Cal.* 466; *McAllister* v. *Singer Manufacturing Co.,* 64 *Ga.* 622; *Lawrence* v. *Stevens,* 46 *Iowa* 429.

Plaintiff is entitled to judgment on the demurrer.