WILLIAM B. HAZEL, ASSIGNEE OF FRANK MONCUR, PLAINTIFF, DEFENDANT IN ERROR, v. GEORGE W. JACOBS, DEFENDANT, PLAINTIFF IN ERROR.

Submitted June 25, 1909—Decided February 28, 1910.

1. A judgment upon a note was entered by a justice of the peace in the State of Delaware by virtue of a warrant of attorney signed by the maker of the note, which warrant read: "I do authorize and empower any justice of the peace within the State of Delaware or elsewhere to enter judgment on the above obligation without process, against me, my heirs, etc., at the suit of Frank Moncur, his executors, administrators, or assigns." *Held,* that a record of a judgment so entered, is entitled to full faith and credit in the courts of this state, although there was no process served upon, or appearance by the defendant in the proceeding to enter the judgment in Delaware.

2. A warrant of attorney given by a debtor conferring power upon a creditor or third person for him, to enter judgment against such debtor without process, is the equivalent of process or a waiver by defendant of his right to have suit brought against him by process.

3. In an action in this state upon a Delaware judgment, it is no defence to show that the note upon which judgment was entered was paid before such entry.

---

On error to the Cumberland County Circuit Court.

For the plaintiff in error, *Herbert C. Bartlett.*

For the defendant in error, *William A. Logue.*

The opinion of the court was delivered by

REED, J. This writ brings up a judgment entered upon a finding of the trial judge sitting without a jury. The action was brought in the Cumberland County Circuit Court and resulted in a judgment for the plaintiff. The action below was brought to recover the amount of a judgment entered upon a promissory note before a justice of the peace in the State of Delaware, which judgment was duly docketed in the Superior Court of said state at Dover, in the county of Kent.

The note upon which the judgment was entered was given to one Frank Moncur, and by him assigned to William B. Hazel, who caused the judgment below to be thereafter entered. The judgment was entered by virtue of a warrant of attorney, and the following is a copy of the note and the warrant:

"I, George W. Jacobs, promise and oblige myself, my heirs, executors or administrators, to pay Frank Moncur, his executors, administrators, or assigns, the sum of seventy dollars ($70.00) lawful money of the State of Delaware with lawful interest, for value received, on or before the first day of November, A. D. 1889.

"And further, I do hereby authorize and empower any justice of the peace within the State of Delaware or elsewhere to enter judgment on the above obligation without process, against me, my heirs, executors or administrators, at the suit of the said Frank Moncur, his executors, administrators or assigns, at any time after the date hereof, with stay of execution till the first day of November, A. D. 1889, and I do hereby release all and all manner of error or errors in any such judgment and in the execution to be issued thereon.

"In witness whereof, I have hereunto set my hand and seal this first day of May, A. D. one thousand eight hundred and eighty-nine.

"GEORGE W. JACOBS.    [Seal.]

"Signed, sealed and delivered in the presence of
"GEORGE N. DONNELLY."

The entry of judgment is in the following form:

"Jan. 31, 1901.
459.  William B. Hazel,
Assignee of Frank Moncur,
*v.*
George W. Jacobs.

"Action of debt on specialty with warrant of attorney to enter judgment against this defendant without process and release of error for $70.00, int. from Nov. 1, 1889.

"And now, to wit, this 31st day of January, A. D. 1901, the note with warrant of attorney is received and filed and thereupon judgment is hereby given in favor of said plaintiff, and against George W. Jacobs, defendant, for seventy dollars, with interest, from November 1, A. D. 1889, and fifty cents costs.

"JOHN B. HUTTON, *J. P.*"

To the declaration upon this judgment the defendant pleaded payment of the judgment. He also pleaded that he was never served with any process in the state in which the said judgment was obtained, and that he did not appear to the said suit in person or by attorney, and that he was not resident nor present within the jurisdiction of the said court in which said judgment was rendered, and that John B. Hutton, justice of the peace, and one J. H. Hughes, attorney-at-law, appeared for the defendant in the said suit and entered judgment against the defendant, but that neither was authorized by the defendant so to do.

Upon the trial of the present action an exemplified copy of the Delaware judgment was put in evidence, also a copy of the statute of Delaware permitting the entry of such judgment by a justice of the peace upon warrant of attorney. It was also proved that Hazel was the holder by assignment of the note in question.

Respecting the plea of payment, the defendant testified that the note was given in payment for a horse purchased by him from the payee, Moncur; that in exchange for the horse so purchased Moncur gave him another horse; that defendant returned the second animal to Moncur in satisfaction of the note, and that the horse was so accepted by Moncur. The

defendant says that he had the last horse two or three weeks, maybe a little longer. It appears that soon after Jacobs moved from his then residence. The promissory note was purchased by Hazel, the present plaintiff, from Moncur, at the request of Jacobs, before the judgment was entered, and after Jacobs had moved away from his then former residence. The note, as already appears, was made on May 1st, 1889, and the judgment was entered January 31st, 1901, so it conclusively appears that the transaction between Mr. Jacobs and Moncur, upon which the former relies to prove payment, occurred soon after the note was delivered, and long before the judgment was entered.

The defence of payment, therefore, by a transaction occurring before the entry of the judgment, is unavailable in an action upon the judgment. *National Bank* v. *Wallis,* 30 *Vroom* 46.

Indeed, this well-settled rule where a judgment is regularly obtained, is not assailed by the counsel for the plaintiff in error. His case rests upon the proposition that the Delaware judgment was not so entered as to entitle it to full faith and credit in the courts in this state. The defect alleged is that there was an absence of jurisdiction over the defendant, Jacobs, in that there was no legal service of process upon him, and no appearances by him or by any attorney authorized to so appear. This raises the question whether a judgment entered without process or appearance, but entered in conformity with the authority given by a warrant of attorney executed by the defendant, confers jurisdiction upon a court to enter a judgment which is unassailable collaterally in both domestic and foreign jurisdictions.

It is not denied that the entry of the judgment by the justice of the peace in the State of Delaware was upon its face regular, and in conformity with the statutes of that state. It is not denied that the authority given by the warrant of attorney conferred upon the justice of the peace of the State of Delaware and elsewhere power to enter judgment upon the note without process. It cannot be denied that a party can waive his right to have a suit begun against him by process. *Crosby* v. *Washburn,* 37 *Vroom* 494.

Nor can it be denied that the warrant of attorney authorizing another to appear and enter judgment without process is a waiver of such right. In the words of Chief Justice Ruger, in delivering the opinion in the case of *Teel* v. *Yost,* 128 *N. Y.* 387: "That a power so conferred is the equivalent of process is entirely settled. In all cases where such an authority exists, it is simply a question as to what the principal has authorized to be done in his name, and does not involve any of the questions arising in an action *in invitum* against resident or non-resident defendants."

The courts of this state have recognized the conclusive character of foreign judgments entered without process, but upon the authorization of a warrant of attorney to appear for the defendant. *Hendrickson* v. *Fries,* 16 *Vroom* 555; *Schelmerdine* v. *Lippincott,* 40 *Id.* 82.

Both of these cases involved actions upon judgments so entered in the State of Pennsylvania.

The same rule prevails in Massachusetts. *Henry* v. *Estes,* 127 *Mass.* 474; *Van Norman* v. *Gordon,* 172 *Id.* 576.

So in the Federal Supreme Court it is regarded as settled that if the authority to enter a judgment is strictly pursued, the judgment is entitled to credit everywhere.

In *National Exchange Bank of Tiffin* v. *Wiley,* 195 *U. S.* 257, it was held that where a warrant authorized the entry of judgment in favor of the holder of a promissory note, it could be shown in an action upon the judgment elsewhere that appearance was by one not the holder, and in *Grover & Baker Co.* v. *Radcliffe,* 137 *Id.* 287, the judgment was held irregular because entered without the appearance of an attorney, when the power conferred was only that any attorney could enter judgment. Both of these cases assumed as a settled doctrine that where the authority conferred was strictly pursued, the judgment entered was entitled to full faith and credit in foreign jurisdictions.

The judgment in this case was entered by a justice of the peace, and the power was given to the justice of the peace to execute this judicial act. The want of process or of other appearance was waived.

The judgment below, therefore, in favor of the plaintiff for the amount of the judgment, should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, JJ. 16.

*For reversal*—None.