HARRY SLAUGHTER, defendant below, plaintiff in error, *vs.* THE PROVIDENT SAVINGS BANK OF PRESTON, MARYLAND, for the use of WILLIAM E. MESSICK, plaintiff below, defendant in error.

JUDGMENT—JUDGMENT BY CONFESSION—"OBLIGATION."
   Under *Rev. Code* 1852, amended to 1893, *p.* 745, *c.* 99, § 12, providing that to an obligation for the payment of any sum not exceeding $200 there may be an extra warrant, duly executed, authorizing any justice of the peace to enter judgment thereon by confession, the word "obligation" imports

an instrument under seal, as does the warrant; and hence a note and warrant attached, neither of which were under seal, do not give a justice authority to enter judgment by confession.

(*April* 24, 1911.)

PENNEWILL, C. J., and BOYCE, J., sitting.

*William M. Hope* for plaintiff in *certiorari.*

*James M. Satterfield* and *Caleb S. Layton* for respondent.

Superior Court, Kent County, April Term, 1911.

CERTIORARI (No. 24, February Term, 1911) to Edwin F. Wood, a justice of the peace, in and for Kent County.

The facts appear in the opinion of the court.

PENNEWILL, C. J., delivering the opinion of the court:

In the above-stated case it appears from the record of the justice that the note, upon which judgment was entered without process and hearing, was not an instrument under seal, and that the authority to confess judgment was a part of said note, and, therefore, not under seal.

The following exceptions, among others, were filed to the said record by the defendant below:

(1)   That the note on which judgment was entered, without process and hearing, was not an obligation within the meaning of *section* 12, *c.* 99, of the *Revised Code* of the *Laws of Delaware.*

(2)   That the said note was not an instrument under seal.

(3)   That there was no warrant of attorney authorizing judgment to be entered on said note within the meaning of the statute of the state of Delaware.

(4)   That the authority to confess judgment on said note was not under seal.

[1]   The only authority given a justice of the peace for the entry of judgment on a note containing a warrant for the confession of judgment is found in a statute (*Revised Code, p.* 745, §12), which reads as follows:

"To an obligation for the payment of any sum not exceeding two hundred dollars, there may be annexed a warrant, duly executed, either as a part of the obligation, or otherwise, authorizing any justice of the peace to enter judgment thereon, without pro-

cess; upon which authority an action may be docketed at the suit of the obligee, or his executors, administrators, or lawful assigns, against the obligor, and judgment rendered for the principal and interest and costs; *provided*, that such judgment shall not be for more than two hundred dollars, exclusive of interest and costs: *and provided also*, that the obligation and warrant shall be filed with the justice, and a part of the record.

"And if any defendant in such judgment, or his executors, or administrators, shall, by affidavit filed with the justice, deny the obligation, or set forth any just defence, a trial shall be granted, which shall be conducted as in other cases; but the judgment shall not be vacated, nor any execution, or levy thereon, set aside, until after a trial and determination against such obligation, or warrant; but any such levy shall be a security for what may be found due to the plaintiff, the proceedings thereupon being stayed, unless the defendant shall give sufficient security to pay to the plaintiff the sum justly due, which shall be entered as follows: 'On the ——— day of ———, A. D., 18—, A. B. (and C. D., if two) became surety for the defendant (*or defendants*) for the payment of whatever is justly due to the plaintiff (*or plaintiffs*) in this section;' and upon such entry being made and signed, the judgment and execution shall be set aside."

We are clearly of the opinion that the word "obligation," as used in said statute, imports an instrument under seal; and we are also of the opinion that the "warrant" for the confession of judgment, must likewise be under seal.

The note upon which judgment was entered in this case not being under seal, we hold it was not an "obligation" within the meaning of the act; and that the "warrant" annexed being executed as a part of said note, and being therefore not under seal, was not sufficient.

The word "obligation" as used in said statute, and the words "warrant duly executed," mean instruments under seal; and we think that such construction and significance has been uniformly given thereto in this state, whatever may have been the decisions elsewhere.

The judgment below is reversed.