ROMAN AUTOMOBILE COMPANY, INCORPORATED, incorporated under the laws of the State of Delaware, *vs.* CALVIN MILLER.

JUDGMENT—JUDGMENT BY CONFESSION—WARRANT OF ATTORNEY—AMOUNT DUE.

*Rev. Code* 1852, amended to 1893, *p.* 290, *c.* 37, § 5, providing that it shall be the duty of the prothonotary, on application by the obligee or assignee of a bond containing a warrant of attorney to confess judgment, to enter judgment for the amount which, from the face of the bond, may appear to be due, does not authorize judgment by confession under a power of attorney contained in an agreement for the rent of an automobile, payment for which was to be made by installments, where no penalty was contained in the agreement, and the amount due thereon, which was for unpaid rent, could not be ascertained from the face of the instrument.

(*November* 4, 1915.)

PENNEWILL, C. J., and BOYCE and CONRAD, J. J., sitting.
*R. R. Kenney* for plaintiff.
*Arley B. Magee* for defendant.
Superior Court, Kent County, October Term, 1915.

Petition by Calvin Miller, defendant in a judgment, entered by confession, in Superior Court for Kent County (No. 13, July Term, 1915) on a warrant of attorney, to vacate it. The judgment was vacated, and the reason therefore is stated in the opinion.

PENNEWILL, C. J., delivering the opinion of the court:
This is an application to strike from the records of the court, and vacate, a certain judgment entered in pursuance of a power of attorney contained in the following instrument of writing, viz.:

"This agreement, made the fourteenth day of June, 1915, between the Roman Automobile Company, Inc. (hereinafter called the company and the lessor) and Calvin Miller (hereinafter called the lessee), witnesseth, that the company, for a consideration hereinafter mentioned, doth hereby lease and demise unto the lessee all that certain one Buick touring 7625 for and during the full term of nine (9) months, for which automobile the lessee hereby agrees to pay, for the use of same, the sum of three hundred and twenty-five dollars in the following manner: One hundred and forty (140) dollars in cash, the receipt of which is hereby acknowledged by the lessor, and the balance one hundred and eighty-five dollars in (9) monthly payments of twenty dollars each with interest 6%; first payment due July fifteenth and every month thereafter for eight months till paid in full; last payment twenty-five dollars. * * *

28 Del.] Roman Auto Co. vs. Miller.  587

Opinion—Judgment Vacated.

."It shall be optional with the company in case said lessee fails to comply with any of the covenants aforesaid, to proceed as above set forth, or to procure judgment to be entered upon this lease for the whole amount of rent unpaid, and for that purpose said lessee hereby authorizes the prothonotary or any attorney of any court of record to appear for and confess judgment against him in favor of the company for the whole amount of rent unpaid and costs, whether the same shall have become due and payable under the condition of this lease or not, and the said lessee hereby waives stay of execution, exemption laws, rights of inquisition on real estate, errors and appeals, and further authorizes the prothonotary to tax a commission of five per cent. as attorney's commission in case execution issues thereon. * * * "

The said agreement was executed by the parties under seal. *Section* 5, *Chapter* 37 *(page* 290) *Code* of 1893, provides that:

"It shall be the duty of the prothonotary, on application by the obligee, or assignee, of a bond containing a warrant for an attorney at law or other person to confess judgment to enter judgment against the person who executed the same, for the amount which, from the face of the bond, may appear to be due, without the agency of an attorney, or declaration filed, and with such stay of execution as may be therein mentioned; particularly entering on his docket, the real debt and time from which interest is to be calculated."

Could the amount for which judgment was entered be ascertained from the face of the instrument as required by said *section* 5?

The only authority for the confession of judgment by virtue of a warrant of attorney, where there is no penalty stated in the bond, is contained in *Section* 5, *Chapter* 37, quoted above.

There is no penalty contained in the instrument upon which the judgment in question was entered.

The power of attorney contained in the instrument under consideration does not authorize the confession of judgment for any specific sum, not even for the sum of one hundred and eighty-five dollars with interest from June 14, 1915, which is stated to be the balance due, after deducting the cash payment. The power of attorney authorized the confession of judgment for the amount of rent due and unpaid, and not for any particular amount.

The court are of the opinion that the judgment in question should be vacated and stricken from the record, because:

1. The power of attorney contained in said instrument did not authorize the entry of the judgment that was entered.

2. The amount of the judgment was not ascertainable from the face of the instrument upon which the judgment was entered.