JAMES O'NEAL and SALLIE O'NEAL, d. h. *vs.* GEORGE MESSICK, Administrator of Maria E. Fleetwood, p. b.

1. JUSTICES OF THE PEACE—JUDGMENT BY CONFESSION—DEFECTIVE SUMMONS.

Notwithstanding defect in service or return of summons, a justice may render judgment against a defendant appearing on his confession.

2. JUDGMENT—BY CONFESSION—SEVERAL DEFENDANTS.

One of two defendants cannot, in the absence of the other, without at least proper authority, confess judgment against both.

3. JUSTICES OF THE PEACE—DEFAULT JUDGMENT—RETURN OF SUMMONS.

A justice of the peace cannot, under *Rev. Code* 1915, §§ 4008, 4011, the constable's return not stating date of service or being verified by his affidavit, without hearing plaintiff's allegations and proof, render default judgment against a defendant.

(*February* 7, 1919.)

BOYCE, J., sitting.
*Robert C. White* for defendant below.
*Daniel J. Layton, Jr.*, for plaintiff below.
Superior Court for Sussex County, February Term, 1919.

CERTIORARI, No. 8 February Term, 1919.

Action, on book account, by George Messick, administrator of Maria E. Fleetwood, deceased, before a justice of the peace, against James O'Neal and Sallie O'Neal. Demand seventy-eight dollars and twenty-seven cents. Judgment for plaintiff. Defendants bring certiorari. Judgment reversed.

The transcript of the justice's record shows that summons issued to the constable March ninth, 1918, returnable March fourteenth, 1918. "Returned served personally so saith," etc. It also shows that James O'Neal, one of the defendants, and his daughter, appeared before the justice on the return day of the summons "and confessing to owe the said amount to said plaintiff" judgment by confession was entered against both defendants.

Numerous exceptions to the record were filed. Briefly they are: The return did not state date of service, and it was not verified by the oath of the constable, judgment by default was entered against Sallie O'Neal, and the other defendant, in her absence, and in the absence of the plaintiff, without hearing the allegations and proofs of the plaintiff.

BOYCE, J:—The statute requires that summons shall be served at least four days before the day of appearance, unless it be returnable forthwith; also:

"The service and manner of service shall be stated in the return * * * with the date of such service; and a judgment by default shall not be rendered until this return is verified by the constable's affidavit in writing." *Rev. Code* 1915 § 4008. "If a defendant, being duly summoned. donot appear * * * the justice * * * may hear the allegations and proofs of the plaintiff in the defendent's absence, and give judgment against him by default. * * * *Id.* § 4011.

[1] The appearance of James O'Neal, so far as concerns himself, cured any defect in the service of summons and return made by the constable. It may be said, after due process upon a defendant and his appearance, the justice may enter judgment against him on his confession, and such confession will operate as a release of error. *Dickinson v. Horn*, 3 *Har.* 496; *Runyan v. Dickenson*, 4 *Har.* 243; *Gum v. Adams*, 9 *Houst.* 200, 31 *Atl.* 895.

[2] But in an action pending against two defendants, one of them cannot in the absence of the other, without, at least, proper authority, confess judgment against both. So that the judgment entered by the justice in this case without the allegations and proofs of the plaintiff against Sallie O'Neal, is of no force.

[3] Again, the judgment entered was in respect to Sallie O'Neal a judgment by default, without the constable stating in his return the date of service upon her, and without the return being verified by his affidavit in writing and without the justice hearing the allegations and proofs of the plaintiff. In view of these errors, as well as the fact already shown that the judgment was entered against both defendants on the confession of one of them only it must be reversed. *Patterson v. Jarmon, 5 Pennewill,* 471, 62 *Atl.* 8.

Judgment reversed.