GEORGE B. FARRELL, d. b. *vs.* MARYLAND CREDIT FINANCE CORPORATION OF MARYLAND, THOMAS HUGHES, INC., p. b.

1.   JUSTICES OF THE PEACE—JURISDICTION ENTIRELY STATUTORY.

Jurisdiction of justices of the peace is entirely statutory; they being provided for by *Const. art.* 4, § 1, and their powers in civil debt cases defined by *Rev. Code* 1915, § 4018.

2.   JUDGMENT—STATUTE AUTHORIZING JUDGMENT WITHOUT PROCESS MUST BE STRICTLY COMPLIED WITH.

Terms and conditions of statute, authorizing entry of judgment without process, must be strictly complied with.

3.   JUSTICES OF THE PEACE—CANNOT ENTER JUDGMENT ON NOTE WITHOUT PROCESS, UNLESS WARRANT OF ATTORNEY SO AUTHORIZES.

Under *Rev. Code* 1915, § 4018, justice of the peace, unlike Prothonotary, under *Section* 3768, cannot enter judgment on note without process, unless warrant of attorney therein so authorizes, though it authorizes attorney at law to appear and confess judgment.

4.  Justices of the Peace—Statement on Margin of Judgment on Note
    Held Insufficient to Show Confession of Judgment by Attorney
    at Law.

Statement on margin of justice's unauthorized judgment on note, without process, that named attorney deposited $2, *held* insufficient to show confession of judgment by attorney at law, as authorized by note.

*(November* 21, 1924.)

Richards, J., sitting.

*Thomas C. Frame* for defendant below.

*Robert P. Davis* for plaintiff below.

Superior Court, Kent County, October Term, 1924.

Certiorari (No. 8, October Term, 1924) to William A. Truitt, a Justice of the Peace in and for Kent County.

The record shows that the judgment reviewed in this proceeding was entered by the Justice of the Peace on his docket without the issuance or service of any process, and by virtue of a warrant of attorney contained in a promissory note under seal, dated March 5th, 1923, for the real debt of $128.96; that said note was executed by the maker, George B. Farrell, at Frederica, Delaware, and was payable at a specified place, at Easton, Maryland, to the order of "Maryland Credit Finance Corporation, Easton, Maryland, Thomas Hughes, Inc."

The power of attorney under which said judgment was entered was as follows:

"And authority, irrevocably to any *attorney* at law to appear for me in any court, and waive the issue and service of process and confess a judgment against me in favor of the holder hereof, for such amount as may appear to be unpaid hereon after maturity, together with costs and attorney's fee, and to release all errors and waive all right of appeal."

The record also shows the following entry on the margin of the judgment docket:

"R. P. Davis, attorney, deposited $2.00."

The plaintiff in error contends that while a judgment by confession before a Justice of the Peace, by virtue of a warrant of attorney, is authorized by *Section* 4018 of the *Revised Code* of 1915, the judgment in this case is invalid for three reasons:

First: Because the power of attorney under which it was entered does not comply with the provisions of such statute.

Second: Because the record shows that the judgment was confessed by the Justice of the Peace, while the power of attorney merely authorized confession of judgment by an attorney at law.

Third: That even if it be admitted for the sake of argument that an attorney at law could appear and confess judgment before a Justice of the Peace where the power of attorney authorized it, that the record does not show that the judgment in this case was confessed by an attorney at law.

RICHARDS, J., delivering the opinion of the Court:

The office of Justice of the Peace dates back to a very early period, and the powers pertaining thereto have varied from time to time. This official was first known in England as a warden or conservator of the peace and had no powers in addition thereto. The title of "Justice of the Peace" was conferred upon him by a statute passed during the reign of Edward III, and in addition thereto certain powers. 35 C. *J.* 499.

[1] The jurisdiction of Justices of the Peace in this country seems to be entirely statutory, the statutes of the states in which they serve defining their powers. They are provided for in this state by the constitution, *Article* 4 of which under the title of "Judiciary," *Section* 1, providing as follows:

"The judicial power of this state shall be vested in a Supreme Court, a Superior Court, a Court of Chancery, an Orphans' Court, a Court of Oyer and Terminer, a Court of General Sessions, a Register's Court, Justices of the Peace and such other courts as the General Assembly, with the concurrence of two-thirds of all the members elected to each House, shall from time to time by law establish."

The constitution does not attempt to define their powers in civil matters, but does enumerate certain misdemeanors and matters of a criminal nature over which they shall have jurisdiction. Their powers and duties in civil cases of debt are found in *Chapter* 121 of the *Revised Code* of 1915, *Section* 15 of which, being code *Section* 4018, in dealing with judgment notes has this provision:

"To an obligation for the payment of any sum not exceeding two hundred dollars, there may be annexed a warrant, duly executed, either as a part

of the obligation, or otherwise, authorizing any Justice of the Peace to enter judgment thereon, without process; upon which authority, an action may be docketed at the suit of the obligee, or his executors, administrators, or lawful assigns, against the obligor, and judgment rendered for the principal and interest and costs.   *   *   *"

It will be noted that the promissory note upon which judgment was entered in this case authorized any attorney at law to appear and confess judgment, while the *Chapter* 121 of the Code, above referred to, provides that judgment may be rendered by a Justice of the Peace without process upon an obligation authorizing any Justice of the Peace to enter judgment and does not mention attorneys at law.

*Section* 3768 of the Code defines the duty of the Prothonotary to enter judgment in the Superior Court without process in these words:

"It shall be the duty of the Prothonotary, on application by the obligee, or assignee, of a bond containing a warrant for an attorney at law or other person to confess judgment, to enter judgment against the person who executed the same.   *   *   *"

The distinction between the statute authorizing a Justice of the Peace to enter judgment without process, and the statute authorizing the Prothonotary to enter judgment without process will be immediately seen; the one authorizing the Prothonotary to enter judgment refers to an obligation containing a warrant for an attorney at law or other person to confess judgment, while the other refers to an obligation authorizing any Justice of the Peace alone to enter judgment.

[2]   The Courts of this country seem to have very generally held that where authority to enter judgment without process is conferred by statute the terms and conditions of said statute must be strictly complied with. *National Exchange Bank of Tiffin v. Wiley*, 195 *U. S.* 257, 25 *S. Ct.* 70, 49 *L. Ed.* 184; *Grover & Baker Machine Co. v. Radcliffe*, 137 *U. S.* 287, 11 *S. Ct.* 92, 34 *L. Ed.* 670; *Tell v. Yost*, 128 *N. Y.* 387, 28 *N. E.* 353, 13 *L. R. A.* 796; *Henry v. Estes*, 127 *Mass.* 474; *Van Norman v. Gordon*, 172 *Mass.* 576, 53 *N. E.* 267, 44 *L. R. A.* 840, 70 *Am. St. Rep.* 304; *French v. Willer*, 126 *Ill.* 611, 18 *N. E.* 811, 2 *L. R. A.* 717, 9 *Am. St. Rep.*

32 Del.]     FARRELL, d. b. vs. HUGHES, INC., p. b.     573

Opinion.

651; *Thompson v. Whitman*, 18 *Wall.* 457, 21 *L. Ed.* 897; *Rose v. Himely*, 4 *Cranch*. 241, 2 *L. Ed.* 608; *Hazel v. Jacobs*, 78 *N. J. Law*, 459, 75 *Atl.* 903, 27 *L. R. A.* (*N. S.*) 1066, 20 *Ann. Cas.* 260.

[3]    In the case of *National Exchange Bank of Tiffin v. Wiley*, above cited, action was brought in the state of Nebraska on a judgment entered by virtue of a warrant of attorney, in the Court of Common Pleas of Ohio. The warrant of attorney authorized the entry of judgment in favor of the holder, and the defendant contended that at the time the judgment was entered the Tiffin National Bank and not the plaintiff was the holder of the note, for which reason the Ohio Court had no authority for entering the judgment. This view being upheld by the Nebraska Court, the case was brought to the Supreme Court of the United States on the ground that it violated the full faith and credit clause of the United States Constitution. In affirming the decision of the Nebraska Court, the Supreme Court of the United States, by Mr. Justice Harlan, said:

"The words, in the warrant of attorney, 'in favor of the holder of this instrument,' ought not, as between the National Exchange Bank and the obligors, to be construed as embracing the former after it ceased to be the owner of the note, but, at most, as only authorizing a confession of judgment in favor of the party who had become its real owner.   *   *   *   But we are of opinion that that court had no authority or jurisdiction to render judgment against the obligors, if the National Exchange Bank had in fact sold the note and ceased before the commencement of that suit to own it or to be entitled to receive the proceeds to its own use."

The general principle above set forth embraces the question involved in this case, namely, the right of a Justice of the Peace in this state to enter judgment without process, and the authorities cited thereunder are sufficient upon which to base the decision; but we are not confined to this general proposition as it has also been held by the Courts, including those of our own state, that the judicial functions of Courts of inferior jurisdiction, such as Justices of the Peace, are limited by statute and the provisions thereof must be strictly pursued. *Beach v. Botsford*, 1 *Doug.* (*Mich.*) 199, 40 *Am. Dec.* 45; *Spear v. Carter*, 1 *Mich.* 19, 48 *Am. Dec.* 688; *Hazel v. Jacobs*, 78 *N. J. Law*, 459, 75 *Atl.* 903, 27 *L. R. A.* (*N. S.*) 1066, 20 *Ann. Cas.* 260; *French v. Willer*, 126 *Ill.* 611, 18

*N. E.* 811, 2 *L. R. A.* 717, 9 *Am. St. Rep.* 651; *Thompson v. Whitman,* 18 *Wall.* 457, 21 *L. Ed.* 897; *Morrison v. Wilmington & Kennet Turnpike Co.,* 1 *Harr.* 366; *Lynch's Ex'x v. Tunnell,* 4 *Harr.* 284; *O'Neal v. Messick,* 7 *Boyce* 220, 105 *Atl.* 518; *Slaughter v. Provident Savings Bank,* 2 *Boyce* 333, 80 *Atl.* 243.

In *Morrison v. Wilmington & Kennett Turnpike Co.,* above cited, the defendant appeared before a Justice of the Peace and confessed judgment in favor of the plaintiff without process, upon *certiorari* the judgment was reversed upon the ground that a Justice of the Peace had no power to take confessions of judgment without process except in case of judgment notes. The Court saying:

"The grant of jurisdiction to these inferior tribunals should be taken strictly."

In *Rose v. Himely,* above cited, a cargo of coffee was libelled in the United States District Court for North Carolina, the proceedings involving the condemnation of the property by a tribunal sitting in Santo Domingo; upon an appeal being taken to the Supreme Court of the United States, Chief Justice Marshall said:

"Upon principle, it would seem that the operation of every judgment must depend on the power of the court to render that judgment."

The case of *Thompson v. Whitman,* above cited, also illustrates the principle involved in this case.

Thompson, who was sheriff of Monmouth county, New Jersey, seized a certain sloop belonging to Whitman, a citizen of New York, for raking clams within the waters of New Jersey, filed an information before two Justices of the Peace of said county by whom said vessel was condemned and ordered to be sold. The statute of New Jersey under which seizure was made, provided that the information should be made before two Justices of the county in which the seizure was made, and the record disclosed that the seizure was not made in Monmouth county. The case finally reached the Supreme Court of the United States and Mr. Justice Bradley said:

"From this it appears that the seizure must be made in a county, and that the case can only be heard by Justices of the county where it is made—'two Justices of the Peace of the county where such seizure shall have been made.'

32 Del.]      FARRELL, d. b. vs. HUGHES, INC., p. b.          575

Opinion.

The seizure in this case as specially found by the jury, was not made in Monmouth county; but the Justices who tried the case were Justices of that county. Consequently the Justices had no jurisdiction, and the record had no validity."

The statute under which the judgment in this case was entered, unlike the statute under which the Prothonotary enters judgment in the Superior Court which authorizes him to do so on application by the obligee, or assignee, of a bond containing a warrant for an attorney at law or other person to confess judgment, simply authorizes any Justice of the Peace to enter judgment on an obligation to which is annexed a warrant of attorney giving him such authority. The act provides that no person but the Justice can enter judgment on an obligation in his court, and the Justice himself is only authorized to do it when the warrant of attorney annexed to the obligation expressly authorizes him to. The warrant of attorney in the note in question not only does not authorize the Justice of the Peace to enter judgment but does authorize any attorney at law to appear and confess judgment. It is, therefore, plainly seen that the Justice had no authority to enter judgment upon the note.

[4] The attorney for the defendant in error contends, that notwithstanding the fact that the Justice had no authority to enter judgment upon the note, the judgment is still a valid one, because it was confessed by an attorney at law as authorized by the note. The only thing to indicate that an attorney at law had anything to do with the entry of judgment on the note is the fact that the following words appear on the margin: "R. P. Davis, attorney, deposited $2.00." In the opinion of the Court this is not sufficient to indicate that the judgment was confessed by an attorney, as it not only does not appear in the body of the record but it does clearly appear that the judgment was entered by the Justice. It should also be recalled in this connection that a statute of this State provides that a Justice of the Peace may require a deposit of $2.00 when an action is instituted before him, and the notation may have been made as a memorandum. But this contention is answered by the statute which clearly provides by whom, and under what conditions, judgment may be entered in a Justice's Court without process.

The Court is clearly of the opinion that the Justice of the Peace had no authority to enter the judgment in this case and it is hereby reversed.