PEYTON-DU PONT SECURITIES COMPANY, INC., a corporation existing under the laws of the State of Delaware, *vs.* VESPER OIL AND GAS COMPANY, a corporation existing under the laws of the State of West Virginia.

(*December* 3, 1925.)

RICE and HARRINGTON, J. J., sitting.

*William S. Hilles* for plaintiff.

*James I. Boyce* for defendant.

Superior Court for New Castle County, November Term, 1925.

No. 34, November Term, 1925.

RICE, J., delivering the opinion of the Court:

■ ■ Counsel for the defendant, in his argument, relied solely on the authority of the case of *St. Joseph's Polish Catholic Beneficial Society v. St. Hedwig's Church*, 3 *Penn.* 229, 50 *A*. 535.

In 1866 the Court of Errors and Appeals in the case of *Conine v. Junction & Breakwater Railroad Co.*, 3 *Houst.* 288, 89 *Am. Dec.* 230, held that a note under seal for the payment of money, though in other respects like a promissory note, was not negotiable, and this continued to be the recognized law of this State until the passage of the Negotiable Instrument Act, § 6, in 1911 (26 *Del. Laws*, *c.* 191), wherein it was provided:

"The validity and negotiable character of an instrument are not affected by the fact that it (4) bears a seal."

The St. Hedwig's Case, *supra*, was decided in 1901, and in the syllabus, as reported, it is stated:

"When the cause of action is a promissory note alleged to be made by a corporation, and it appears from the copy of the note filed with the affidavit of demand, that no corporate seal was affixed to the note, judgment will, on motion, be refused."

The result of this decision, if the syllabus should be accepted as the statement of the law as announced by the Court, taken in connection with the Conine Case, *supra*, placed the law of this State in an anomalous condition relative to the promissory notes of corporations. Thus, if the note of a corporation should be under seal, it is not negotiable, and if it is not under seal, in a suit to recover on the note, judgment on an affidavit of demand would be refused.

That judgment on an affidavit of demand should be refused in a case based on a promissory note of a corporation and not under seal, appears to be without good or sufficient reason. The report of the St. Hedwig's Case is quite brief, and it may be that the Court in announcing the decision had in mind defects appearing in the note other than the lack of a seal, although that the note did not bear the seal of the corporation was one of the reasons urged why judgment should be refused. If it was the intention of the Court in that case to refuse judgment on this ground, they stated no reason for their decision.

In the early common law a corporation could act and speak only by the corporate seal, but his law has been relaxed in this country, if not abandoned, and it is recognized in this State, as elsewhere, that a corporation within its powers may contract without the use of the corporate seal the same as a natural person, unless the seal is required by the corporate charter or by statute. *Deringer's Adm'r v. Deringer's Adm'r*, 5 *Houst.* 416, 427, 1 *Am. St. Rep.* 150; *Bancroft v. Wilmington Conf. Acad.*, 5 *Houst.* 577, 579; *Vandergrift v. Del. R. Co.*, 2 *Houst.* 287, 298.

In Fletcher on Corporations, *vol.* 2, § 754, with reference to this subject, the author says:

"In some of the early cases the English doctrine as to the necessity of the use of the corporate seal in contracts by corporations was recognized in the United States; but it has long since been abandoned, and the rule is now well settled that in the absence of charter or statutory provisions to the contrary, a corporation may appoint an agent without the use of its seal, and may, acting by such agent, enter into a simple contract in writing or an oral contract, provided the subject-matter of the contract is within its powers, wherever a natural person could enter into such a contract. In other words, any contract whatever within the powers of a corporation, if it can be made by a natural person without a seal, may be so made by the corporation, unless a seal is expressly required by the charter of the corporation or some other statute."

And in a note in 50 *Am. St. Rep.* 152, the following language is also found:

"In this Country, the rule is well nigh, if not absolutely, universal, that a corporation need not do any act or execute any contract or writing under its seal, except it be such as to require a seal when done or executed as the act or contract of a natural person."

We believe it to be too well established in the United States to be contended otherwise that a private corporation, if not restricted by its charter, has the power to make promissory notes, not under seal as well as under seal, and answer all liabilities attending such act, whenever such a transaction is necessary or proper in the conduct of its business. *Fletcher on Corporations, vol.* 2, § 951.

A corporation having the power to make a promissory note not under seal the same as a natural person, what reason can there be for refusing judgment on an affidavit of demand filed in an action on the promissory note of a corporation, when such judgment is permitted in a case based upon the promissory note of a natural person? If any reason now exists for this distinction we have been unable to find it, and while not unmindful of the St. Hedwig's Case, we are of the opinion that the motion to refuse judgment notwithstanding the affidavit of demand should be denied, and it is so ordered.