Susie Money and Walter S. Money, d. b., *v.* James A. Hart, Jr., p. b.

*(March* 14, 1932.)

RODNEY, J., sitting.

*Harry Hoch* and *Philip Cohen* for d. b.

*Martin S. Burris* for p. b.

Superior Court for New Castle County, No. 89, September Term, 1931.

*Certiorari.*

RODNEY, J., delivering the opinion of the Court:

In the record before me, there is not one word indicative of any delivery of the note by the payee to the bank, but the note remained, after the endorsement, in the hands of the payee until its entry by the Justice of the Peace and under the statute the note became a part of the record. The note expressly authorizes entry of judgment in favor of the holder. Under these circumstances, judgment was properly entered at the suit of the payee.

The question remains as to the form of the judgment with reference to the name of the payee. Many Courts do not distinguish clearly between judgments by confession upon warrants of attorney as contrasted with judgments entered by a Justice of the Peace or other officer pursuant to an authorizing warrant in that behalf and by virtue of an enabling statute.

The present case does not involve a judgment by confession. The judgment in this case was entered by the Justice of the Peace pursuant to *Section* 4018 of the *Revised Code* of 1915, as amended by 34 *Del. Laws, c.* 221, § 4:

"To an obligation for payment of any sum not exceeding Five Hundred Dollars ($500.00), there may be annexed a warrant, duly executed, either as a part of the obligation, or otherwise, authorizing any justice of the peace to enter judgment thereon, without process; upon which authority, an action may be docketed at the suit of the obligee, or his executors, administrators, or lawful assigns, against the obligor, and judgment rendered for the principal and interest and costs; provided, that such judgment shall not be for more than Five Hundred Dollars ($500.00) exclusive of interest and costs; and pro-

vided also, that the obligation and warrant shall be filed with the justice, and be a part of the record."

The note or obligation on which the judgment was entered expressly authorized the Justice to enter the judgment.

There are, however, certain principles common to both confessions of judgment and the mere entering of judgments. Where a judgment is obtained without the issuance of process, whether it be by confession on warrant of attorney, or by virtue of a warrant to enter the judgment, the authorities are agreed that the terms of the instrument must be strictly complied with. *Farrell v. Maryland Credit Finance Company*, 2 *W. W. Harr.* (32 *Del.*) 569, 127 *A.* 879, and cases there cited.

[3] On the other hand, it is a general principle of law, sound and well established, that suits or actions should not be instituted by or against a person merely by the use of his initials, but one Christian name at least should be used. *Sheaffer v. Wooley, et al.*, No. 64, May Term, 1905, New Castle County (unreported). This question is exhaustively treated in *Calhoun v. F. G. Elliott Hardware Company*, 4 *W. W. Harr.* (34 *Del.*) 552, 156 *A.* 343.

The question involved in *Dickerson v. Kelley*, 3 *Penn.* 69, 50 *A.* 512, 513, is the direct antithesis of the one here presented. In the cited case the note had been given to "F. L. Hardesty" as payee and assigned to "T. H. Kelley." Judgment was entered by the assignee by the mere use of his initials. It was objected to in that the assignee should have used his full name. The Court reversed the judgment on the ground that the use of initials by the assignee was unauthorized, he not being a party to the note itself. The court indicated that if Hardesty, the payee, had entered the note himself by the use of his initials, the judgment would have been good, because such judgment would have been in strict compliance with the express terms of the warrant.

Upon this reasoning, it is quite probable that a judgment in the instant case would have been sustained if it had been entered in favor of the payee "J. A. Hart, Jr." simply by the use of initials because such an entry would have been expressly agreed to by the maker. *McNamee v. Huffman and Donoho*, 3 *Harr*. 425. This, however, is not the case presented.

In *Dickerson v. Kelley, supra,* Spruance, Justice, further said:·

"I do not say that (the assignee) would not have a right to enter judgment in his full name. I think he would. But he has not done it. He has undertaken to enter judgment in the name of the initials. The case stands precisely as where a promise has been made to one by initials, in which case he cannot sue by his initials, but must sue in his full name."

█ Upon principle and in agreement with the dicta announced in *Dickerson v. Kelley,* I am of the opinion that where the payee of a note is designated merely by the use of initials, that judgment may be entered on said note, in favor of the payee by the use of his full or Christian name.

The correctness of this conclusion is manifested by a consideration of another section of the *Code. Section* 4020 of the *Revised Code* of 1915 provides:

"If any defendant in such judgment [referring to those obtained under *Section* 4018, *supra*], or his executors or administrators, shall, by affidavit filed with the justice, deny the obligation, or set forth any just defense, a trial shall be granted, which shall be conducted as in other cases. ＊ ＊ ＊"

Thus the rigor of the summary proceeding in obtaining the judgment is tempered by the opportunity of the defendant to deny the identity of the party plaintiff or to set forth any just defense.

The judgment below is affirmed.