GENERAL CONTRACT PURCHASE CORPORATION, a corporation of the State of Delaware, *v.* MAX KEIL REAL ESTATE COMPANY, a corporation of the State of Delaware.

*(December* 15, 1933.)

LAYTON, C. J., HARRINGTON and RODNEY, J. J., sitting.

*David S. Keil* for Petitioner.

*Alexander Jamison* for Respondent.

Superior Court for New Castle County, Motion to Vacate Judgment, No. 1743, May Term, 1932.

LAYTON, C. J., delivering the opinion of the Court:

An examination of the authorities leads to the conclusion that, at common law, a practice of entering judgment under warrant of attorney authorizing confession of judgment, in the office of the Clerk of the Court, without action brought, was unknown.

*Freeman on Judgments, Vol.* 3, § 1302, says:

"At common law there seems to have been two methods of confessing judgment. One was by means of a warrant of attorney which was a written authority directed to one or more attorneys to appear for the party executing it and receive a declaration for him in an action at the suit of a person therein named and thereupon to confess the same, or to suffer judgment to pass by default. * * *"

"The other means of confessing judgment was by *cognovit actionem* or written confession by the defendant of the whole or of a part of the cause of action and further authorizing an appearance. * * * It might be given at any time after process was sued out, and before it was served, or before declaration, but it was usually

after declaration, and if made after plea it contained a withdrawal of the plea and was called *cognovit actionem relicta verificatione.* * * *"

In 4 *Minor's Inst.* 726, it is said:.

"The defendant was always allowed to acknowledge the plaintiff's action, and confess a judgment for the amount claimed, or for such part thereof as he and the plaintiff could agree upon, provided, it was done in open Court. But a confession of judgment in the Clerk's office was never contemplated by the common law, and can only take place in pursuance of authority of some statute."

Those interested in a pursuit of the subject are referred to, 1 *Tidd's Pr.* (*3d Am. Ed.*) 546, 559; 2 *Chitty's Gen. Pr.* (*1st Am. Ed.*) 333; 1 *Sellon's Pr.* 374-381; 18 *Halsbury's Laws of England* 190, *note* 9; 3 *Blackstone* 396; 1 *Black Judgments,* § 50; 3 *Freeman, Judgments, supra;* 4 *Minor's Inst., supra; Farquhar v. Dehaven,* 70 *W. Va.* 739, 75 *S. E.* 65, 40 *L. R. A.* (*N. S.*) 956, *Ann. Cas.* 1914*A.* 640, and *note; First National Bank of Kansas City v. White,* 220 *Mo.* 717, 120 *S. W.* 36, 132 *Am. St. Rep.* 612, 16 *Ann. Cas.* 889, and *note; Irose v. Balla,* 181 *Ind.* 491, 104 *N. E.* 851.

In this state, the first statutory recognition of entry of judgment by confession under warrant of attorney was by a statute enacted in 1818, found in 5 *Del. Laws, page* 332. This empowered a creditor to receive from his debtor a "bond" with a warrant of attorney and to enter judgment thereon before a Justice of the Peace.

This statute was followed by the *Act* of January 29, 1825, found in 6 *Del. Laws, page* 443, authorizing Justices of the Peace to enter judgment without process upon "obligations" with warrant of attorney annexed authorizing the entry. This latter act is incorporated in *Revised Code* 1915, as *Section* 4018.

*Section* 3768, *Revised Code* 1915, has its origin in *Vol.* 8, *c.* 1, *Laws of Del.,* passed January 16, 1830, and is as follows:

"It shall be the duty of the Prothonotary, on application by the obligee, or assignee, of a bond containing a warrant for an attorney

at law or other person to confess judgment, to enter judgment against the person who executed the same, for the amount which, from the face of the bond, may appear to be due, without the agency of an attorney, or declaration filed, and with such stay of execution as may be therein mentioned; particularly entering on his docket the real debt and time from which interest is to be calculated."

The pertinent part of *Section* 3764 directs the prothonotary to set down the precise time of entering the judgment and declares the judgment to be effective as a lien at that time.

But long prior to any statutory enactment an extensive practice existed to enter judgment on warrant of attorney without, in fact, bringing suit, a declaration, however, being filed with instrument and warrant; yet, we have seen no authority to support the view that this precise practice ever existed in England.

What is now *Section* 3768, *Revised Code* 1915, was before our Courts, very shortly after its enactment in 1830, in *Beeson v. Beeson's Adm'rs,* 1 *Harr.* 466. In this case it was said that the purpose of the act was to "avoid the necessity of employing an attorney at law to confess judgment in the case of a bond and warrant of attorney in the common form. The necessity of employing an attorney for this purpose is held out in the law as an evil—it was the mischief to be remedied—and the remedy applied is in authorizing the prothonotary to enter the judgment without the intervention of an attorney."

The language of this statute is significant. It assumes an existing practice for the confession of judgment by an attorney at law under warrant of attorney.

It may be fairly inferred that this practice was confined to bonds, the distinguishing characteristic of which is the presence of a seal. 2 *C. J.* 7; 4 *R. C. L.* 47.

Apparently the statute in question was intended to do no more than to give to the prothonotary a power coextensive with that of an attorney, although this Court, in *Roman Automobile Co. v. Miller,* 5 *Boyce* (28 *Del.*) 586,

95 *A.* 654, 655, did say, in commenting upon *Section* 3768, which in the *Code* of 1893, was *Section* 5, *c.* 37,

"The only authority for the confession of judgment by virtue of a warrant of attorney where there is no penalty stated in the bond, is contained in *Section* 5, *Chapter* 37, quoted above."

In this case the warrant of attorney authorized the confession of judgment either by the prothonotary or by an attorney, but the report of the case does not show whether, in fact, the judgment was entered by the prothonotary without appearance by an attorney. If the Court meant to say that the section in question is the only authority for the confession of judgment by the prothonotary by virtue of a warrant of attorney where there is no penalty stated in the bond, it was undoubtedly correct.

The fair inference is that the Legislature knew of the general practice of attorneys at law to cause judgments to be entered by confession upon bonds with warrant of attorney, and intended to confer upon the prothonotary a like power with respect to that same class of instrument.

Furthermore, this Court, in *Slaughter v. Provident Savings Bank,* 2 *Boyce* 333, 80 *A.* 243, in construing *Section* 4018, *Revised Code, supra,* held that the word "obligation," used in the statute, imported an instrument under seal; and an examination of our pertinent statutes shows that the Legislature has regarded the words "bond" and "obligation" as synonymous terms. It will be noted that in the *Act* of 1818 the word, "bond," was used, while in the *Act* of 1825, the word "obligation" was substituted; and, in *Section* 4303, *Revised Code* 1915, which expressly declares the validity of judgments entered under *Section* 3768, the word "obligation" is employed instead of the word "bond" which appears in the last mentioned section.

Therefore, we conclude that the power and authority for the confession of judgment, under a warrant of attorney directed to an attorney at law, are not founded upon statutory enactments, but upon established practice; and, under

that practice, by inference from statutory enactment and by decision, we are of the opinion that a judgment by confession under warrant of attorney must be based upon an instrument under seal evidencing the debt for which the judgment is confessed.

Inasmuch as the basis of the judgment before us was not an instrument under seal, it is hardly necessary to inquire whether, at common law, a warrant of attorney authorizing the confession of judgment was required to be under seal. It is sufficient to say while, according to some authorities, there seems to have been at common law, a distinction drawn between a *cognovit actionem* and a warrant of attorney, the former not requiring, the latter requiring, a seal, *Bouvier Law Dict.,* title, *"Cognovit Actionem," Irose v. Balla, supra,* the early English authorities seem to say that in strictness the warrant of attorney was not required to be under seal, although it was usual to employ a seal in order to authorize a release of errors in the judgment. 2 *Chitty Gen. Pr.* 333, 334; *Tidd's Pr.* 546, and cases cited.

But we are convinced that the established practice in this state, so far as it can be traced, has been to require a warrant of attorney authorizing the confession of judgment, whether contained in the instrument forming the basis of the judgment, or annexed to it, to be under seal, and this Court in *Slaughter v. Provident Savings Bank, supra,* held distinctly that the warrant for the confession of judgment must be under seal.

*Woolley's Pr.,* § 790, defines a judgment note as an instrument under seal, and there is nothing in this high authority on Delaware Practice to indicate that a warrant of attorney for the confession of judgment without seal was ever recognized as sufficient.

Finally, the plaintiff seems to argue that whatever may be the rule with regard to the instrument of an individual,

an instrument of a corporation might stand on a different footing, but without doubt the rule is the same in either case. *Peyton-Du Pont Securities Co. v. Vesper Oil & Gas Co., 3 W. W. Harr.* (*33 Del.*) 124, 131 *A.* 566.

Accordingly, we hold that the judgment before us, having been entered upon an unsealed instrument in writing containing a warrant of attorney authorizing confession of judgment, was illegally entered and must be vacated and set aside; and it is so ordered.

RODNEY, J., concurring:

I thoroughly agree with the conclusion expressed by the CHIEF JUSTICE, namely, that neither by any statute nor by our practice can a judgment be entered by confession by virtue of a warrant of attorney when the instrument upon which the judgment is entered is not under seal.

I do not, however, concur in the opinion that our present well defined practice as to entering judgments by virtue of warrants of attorney has no foundation in the common law, nor any basis in statute. Believing that the practice is directly traceable to the common law, I feel it not inappropriate to indicate the sources from which the practice came.

As shown in the foregoing opinion by the quotation from *Freeman on Judgments, Vol.* 3, § 1302, there were two methods of obtaining a judgment by confession at common law,

1—By *cognovit actionem.* This was a written authority signed by the defendant authorizing someone to confess judgment against the defendant in a cause of action then pending. It was only used when a suit had already been instituted and the writ issued and generally after declaration filed. It was usually executed to save costs and in return for a stay of execution.

2—By warrant of attorney. This was a written authority directed to one or more attorneys to appear for the

party executing it and receive a declaration from the creditor and thereupon to confess the judgment or suffer judgment to pass by default, either by

(a) *Nil dicit*

(b) *Non sum informatus.*

This latter class of judgments entered by warrant of attorney is, I think, the precise foundation upon which our practice is built.

In 3 *Blackstone, Commentaries,* 397, it is said,

"It is very usual, in order to strengthen a creditor's security for the debtor to execute a warrant of attorney to some attorney named by the creditor empowering him to confess a judgment in an action of debt to be brought by the creditor against the debtor for the specific sum due."

In 1 *Tidd's Practice,* 546, the same practice is set out in which it is said that the warrant of attorney is given when no action is depending. At page 552 it is also shown that judgment was entered on the warrant of attorney as of course without applying to any Court or Judge if the judgment be entered on the warrant of attorney within a year from its date. See, also, 8 *Modern,* 212 (87 *Eng. Reprint* 964) ; *Lushington v. Waller,* 1 *H. Bl.* (126 *Eng. Reprint* 58).

In *Bingham on Judgments, page* 35, it is said that where there is no action pending, a warrant of attorney is often given authorizing the attorney to appear for the defendant and receive a declaration and confess judgment and (*Id., page* 45) that this judgment may be entered, as of course, within a year without applying to any Court or Judge.

To the same effect is 2 *Archbold's Practice, page* 16, and *Crompton's Practice, page* 310; 1 *Sellon's Pr.* 374, etc.

In *Williams on Personal Property, pages* 84-88, there is an interesting discussion of the authority and province of the warrant of attorney.

The dangers and disadvantages attending judgments by confession caused certain statutes to be enacted in Eng-

land, in 1822, requiring the execution of warrants of attorney to be made before a solicitor (10 *Hals. Laws Eng.* 394, *Hailsham Ed., Vol.* 10, *page* 208) and the filing of the warrant so that the practice was largely abandoned, or, as Lord Halsbury says (18 *Laws Eng., page* 190) "it was formerly common practice for the judgment to be entered up upon warrant of attorney to confess judgment, but that practice is now almost obsolete." Long before the practice became obsolete in England, it was in full flower in this state, based upon precisely the same common law authority that it had in England prior to its abandonment.

Following the common law practice of warrants of attorney authorizing an appearance for the defendant for the purpose of accepting a declaration and thereupon to confess judgment, so in the early Delaware practice a declaration was always filed in the case and this practice was continued until the necessity for such declaration was removed by statute as will presently appear. Under the early practice and until modified by statute, the judgment confessed, after the filing of the narr, was a judgment "for the sum in the narr, with costs."

In contemplation of law, every judgment is entered upon an action instituted either in fact or in fiction. *Woolley Del. Prac.,* § 788.

Because warrants of attorney had been used to confess judgments in an action of debt of common law and because in Delaware an action on a bond if instituted by writ would be an action of debt, so a judgment by confession upon warrant of attorney is a judgment entered upon a case in debt brought simultaneously with the entry of the judgment and brought without writ. It is, therefore, called debt without writ—*debitum sine breve*—or as generally spoken, *d. s. b.* A judgment entered by confession upon warrant of attorney, being an action of debt without writ, can only be entered where an action of debt could have been maintained. Because an action of debt can only be main-

tained for the recovery of a sum certain or capable of being reduced to a certainty, so, therefore, the Court in *Roman Automobile Co. v. Miller,* 5 *Boyce* 586, 95 *A.* 654, held that a judgment could not be entered on a warrant of attorney attached to an instrument which neither prescribed a penalty nor included within itself a definite sum for which judgment could be entered.

The first Delaware statute having any bearing upon the entry of judgments upon warrants of attorney was *Section* 28 of the *Act* of February 3, 1818, *Vol.* 5, *Laws of Delaware, page* 332. This statute made it lawful for a creditor to receive from a debtor a "bond" for an amount not exceeding $50, with warrant of attorney attached, and to have judgment entered thereon before a Justice of the Peace. This was followed by the *Act* of January 29, 1825, relating to the same subject (6 *Del. Laws, Chapter* 263, *Section* 12) found in the *Revised Code* of 1915, § 4018. The word "bond" in this latter section was changed to read "an obligation."

This Court in *Slaughter v. Provident Savings Bank,* 2 *Boyce* 333, 80 *A.* 243, construed the statute to mean that the "obligation" must be an instrument under seal.

On January 29, 1829, a statute was enacted (*Volume* 7, *Laws of Del., ch.* 126), *Sections* 3764, 3767 and 4303 of the *Revised Code* of 1915, which provided that the day, month and year of the entry of the judgments must be set down and that the real debt must be given and the date from which the interest was to be computed. The purpose of this statute was evidently to make the judgment record more certain as under the prior practice the usual form of judgment by confession had been "for the sum in the narr, with costs."

On January 16, 1830, an act was passed (8 *Del. Laws, ch.* 1) which provided that the Clerk of the Court or Prothonotary upon presentation of a "bond" with warrant of attorney could enter judgment without declaration filed and

without the agency of an attorney. This statute is now found as *Section* 3768 of the *Revised Code* of 1915 and expressly uses the word "bond" as the basis of the confessed judgment. The validity of judgments thus entered by the Clerk or Prothonotary is expressly declared by *Section* 2048 of the *Code* of 1852, being *Section* 4303 of the *Revised Code* of 1915, but in these sections in place of the word "bond" the word "obligation" is substituted showing the synonymous use of the two words by the Legislature.

The Court in *Beeson v. Beeson's Adm'rs,* 1 *Harr.* 466, construed the present *Section* 3768 and held that its obvious purpose was to allow to be done by the Prothonotary, without declaration filed, or the intervention of an attorney, that which theretofore had been done by an attorney and the filing of a declaration.

The power of the Prothonotary to enter judgment pursuant to *Section* 3768 is expressly confined to the case of a bond and if it be true that the purpose of *Section* 3768 was to make the power of the Prothonotary co-extensive with that of an attorney, then there would seem to be legislative inference that the confession by an attorney must be of a bond or instrument under seal.

In 1866 it was expressly provided by statute that no declaration should be necessary or *cognovit* required for the confession of any judgment (13 *Del. Laws, ch.* 32, §§ 2 and 3, *Revised Code* 1915, §§ 4199, 4200). In *Section* 4200 the word "bond" is used as the basis of the judgment. Since 1866, the practice has varied in the several counties in regard to the necessity of filing a declaration when entering a judgment note upon warrant of attorney. In New Castle County, such declaration has been filed, but in Kent and Sussex Counties the notes have been entered without the filing of a narr. *Woolley on Del. Pr.,* § 790.

I find no instance at common law of judgments by confession upon warrants of attorney where the instrument being the foundation of the judgment was not under

seal and all of our statutory provisions have almost direct reference to instruments under seal.

Our established procedure as shown by Judge Woolley's excellent work on Delaware practice, has uniformly, so far as I am informed, restricted judgments by confession upon warrants of attorney to instruments under seal. In speaking of the entry of judgment notes, Judge Woolley defines such note as "an instrument under seal." From a thorough consideration of this subject of judgments obtained by confession upon warrants of attorney including an examination of the common law, our own Delaware practice, and pertinent statutory provisions, I agree that such judgment should only be obtained upon instruments under seal. Judgments by confession by warrant of attorney have been abolished in some jurisdictions. I see no reason to depart from an established practice and to extend the use of such judgments.