SOUTH ORANGE TRUST COMPANY, South Orange, New Jersey, Plaintiff, v. MARVEL BARRETT and MARY BARRETT, Defendants.

534

(*November* 1, 1950.)

LAYTON, J., sitting.

*Keith and Buckson* for the Plaintiff.

*Henry J. Ridgely* for the Defendants.

Superior Court for Kent County, No. 77, Civil Action, 1950.

LAYTON, J.

██ ██ Judgments of foreign states are always subject to attack elsewhere upon the ground that the Court rendering them was without jurisdiction. In Delaware, a judgment entered upon a note containing a Warrant of Attorney authorizing the confession of judgment against the maker is void unless the Warrant of Attorney is under seal. *General Contract Purchasing Corp.* v. *Max Keil Real Estate Co.,* 5 *W. W. Harr.* 531, 170 *A.* 797, 799; *Slaughter v. Provident Savings Bank,* 2 *Boyce* 333, 80 *A.* 243. A certified transcript of an unreported Maryland decision by

Judge Niles, Superior Court of Maryland, has been cited as representing the law of Maryland upon the question. The facts are almost identical except that in the case at Bar Defendant did not appear and defend the Maryland action. There, Defendant, Bessinger, executed a judgment note, not under seal, in Delaware to Plaintiff, South Orange Trust Co. Plaintiff bank attempted to enter judgment in Maryland upon the Warrant of Attorney to confess judgment. The defense was interposed that the Maryland Court had no power to enter judgment on the note because, under the law of Delaware, a judgment so established would be void because the note was not under seal. In this connection Judge Niles said: "These Delaware cases (referring to the two Delaware decisions above cited) seem conclusive to the effect that the Delaware law requires that an instrument authorizing the confession of judgment be under seal. In the present case the instrument was not under seal. In my opinion, therefore, this instrument, executed in Delaware, was not valid in Delaware, and therefore is not valid to support a judgment in Maryland." *South Orange Trust Co. v. Bessinger (Superior Ct., Baltimore City)*. Unreported. Plaintiff, nevertheless, contends that the decision just referred to does not govern the situation here because Maryland Courts have jurisdiction by statute to enter judgments based upon notes where the Warrant of Attorney is not under seal. Having such power, the exercise of the jurisdiction is valid unless, as Plaintiff argues, the Defendant appears and defends by showing that such a note, not being under seal, is not capable of being entered in the State of his domicile, in which case the Court having jurisdiction would, as a matter of comity, refuse to enter judgment. Accordingly, Plaintiff takes the position that because the Defendant here did not appear and defend in Maryland after notification of the proceeding against him there, the default judgment, so obtained, falls within the category of a valid judgment of a sister State entitled to full faith and credit.

■ ■ Whatever may be the correct answer to this question, it has become moot since Defendant's amendment setting forth the law of New Jersey governing the entry of judgment notes with Warrant of Attorney. It appears from the amendment to the motion, and Plaintiff now concedes, that it is the law of New Jersey that a Warrant of Attorney accompanying a judgment note must be under seal. I have already stated that the note in question was made payable in New Jersey, In such case the better reasoned authorities hold that the law of New Jersey governs the contract regardless of where suit is brought. This is merely an application of the principle of conflicts of laws that the governing law is that of the State where the contract is to be performed. Beale, Conflicts of Law, Vol. 2, pp. 1229-1230. While evidence of a contrary intent on the part of the parties may vary this rule, nothing has been called to my attention which would indicate that it was the intention of either of the parties here that payment, or performance, should be other than at the Plaintiff's bank in New Jersey. Accepting this as correct, it would follow that the law of New Jersey governed the suit instituted in Maryland on this note. Since New Jersey law requires that the Warrant of Attorney be under seal, the Maryland Courts had no jurisdiction to enter the judgment. *Egley* v. *T. B. Bennett & Co.,* 196 *Ind.* 50, 145 *N. E.* R30; and see dictum in *Bernard Glockler Co. v. Baker Co.,* (*Tex. Civ. App.*) 52 *S. W. 2d* 912, 914.

Motion for summary judgment granted.